W. J. WATSON v. H. O. WATSON.

163 So. 476.
Opinion Filed October 9, 1935.

*John H. Carter* and *John H. Carter, Jr.,* for Plaintiff in Error;

*Coe & McLane,* for Defendant in Error.

PER CURIAM. The writ of error brings for review a judgment in favor of the defendant in a suit where W. J. Watson was complainant against H. C. Watson, defendant, and claimed damages for injuries received by the sudden movement of an automobile.

The plaintiff in error has stated the facts as shown by the evidence, which we find to be correct from a perusal of the record, as follows:

The evidence shows that on the afternoon of September 3, 1933, the defendant was in his automobile which had stopped or choked down on Fayette Street in the business section of Marianna. Defendant called to the plaintiff (his brother) for assistance, and a couple of other persons volunteered their assistance. One was helping on the left side of the car, one at the back, and the plaintiff on the

right hand side. The defendant was inside the car operating the controls. He knew the three men were beside it pushing. Suddenly and without any warning whatsoever the car made a start, a quick jerk and jump, throwing the plaintiff off his balance and violently to the pavement, and running seventy-five feet or more before it could be stopped. The jerk was produced by the accelerator being pushed down by the driver's foot, the harder it is pushed, the more violent the jerk. The plaintiff was knocked unconscious by the fall, and was laid up for a long time under medical attention, and was left permanently impaired in his left leg, with a dullness of mind caused by concussion of the brain.

We may say in the beginning that under this state of facts W. J. Watson in the eye of the law became the servant for the time being of H. O. Watson and H. O. Watson became liable to him as a master to a servant.

There was no evidence that W. J. Watson was directed by H. O. Watson as to what position he should take or how he should proceed to perform the service requested of him in helping to get the car started.

There was a plea of contributory negligence. The record shows that W. J. Watson chose his own position and method of assisting in starting the car; that it was the purpose of all those engaged about the car at that time to start it in motion. Therefore, all parties had notice that if their efforts were availing the car would start. They had notice that the car was out of order—this from the fact that it would not start as it should have started if in good condition. There is no evidence in the record that H. O. Watson did anything more than to use the mechanism at his command to assist in starting the car.

Some of the charges given by the Court are complained of but a consideration of all charges given shows that the

jury was fairly instructed as to the law applicable to the case. Under the facts as disclosed by the evidence the jury was amply warranted in reaching the conclusion that H. O. Watson was not guilty of any negligence in the manner in which he assisted in starting the car. If it constituted negligence to attempt to start an automobile by using the method pursued by all the parties concerned in that operation then that negligence was as much the negligence of one as of the other.

Therefore, the judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL, BUFORD and DAVIS, J. J., concur.

BROWN, J., concurs in the conclusion.

DAVIS, J. (concurring).—My view is that the court properly denied the motion for a directed verdict for defendant and submitted the case to a jury, whose verdict for the defendant below on the question of negligence *vel non* has not been shown to have been improperly arrived at on the evidence adduced which in my judgment would support a verdict either way from a purely legal standpoint.

BROWN, J., concurs.