413 So.2d 73 (1982)
David L. SMITH and Barbara G. Smith, His Wife, Appellants,
v.
Parks SMITH, D/B/a Ft. George Wrecker Service and State Farm Mutual Automobile Insurance Company, Appellees.
No. AE-470.
District Court of Appeal of Florida, First District.
March 29, 1982.
Rehearing Denied May 11, 1982.
*74 Jeffrey G. Wood of Beckham & McAliley, P.A., Jacksonville, for appellants.
Ronald L. Palmer and Harris Brown of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellees.
PER CURIAM.
This is an appeal from a summary judgment based on the trial judge's determination that there was no genuine issue of any material fact and that appellees Parks Smith, et al., were entitled to judgment as a matter of law.
On 26 April 1979, appellee Parks Smith, acting in his professional capacity for Ft. George Wrecker Service, attempted to tow a moving van which was stuck in a tidal beach area. Following an unsuccessful attempt to free the van using appellee's wrecker and winch, appellant David Smith and other private persons on the scene attempted to assist by connecting their private vehicles to appellee's wrecker with private, non-commercial lines and chains in a column or "daisy chain" sequence. After the connections were made and power applied to the vehicles, a steel U-bolt which connected appellant's vehicle to another private vehicle broke free and was catapulted through the rear window of appellant David L. Smith's vehicle, thereby injuring him.
Appellants' complaint alleged that appellee Parks Smith solicited assistance from appellant and others, that appellant Smith relied on appellee's professional skill and knowledge in performing towing operations, and that the appellee negligently violated his professional duty of care in permitting the use of private equipment in the towing operation and in failing to supervise and control the towing operation. By affidavit, two professional tow and wrecker proprietors declare: that the use of private, non-commercial equipment in towing operations presents an unreasonable risk of injury or danger to nearby persons and property, that offers of private assistance using non-commercial equipment should be refused, and that either using or permitting the use of such equipment in towing operations violates the custom or practice of the profession. Appellee and his son declare by affidavit that the appellee not only did not solicit or encourage assistance, but advised the appellant and others that the daisy chain tow would not succeed. Affidavits from other non-party tow participants or on-the-scene witnesses asserted that appellee Smith participated in the daisy chain tow, but the affidavits are ambivalent or contradictory as to whether he solicited or refused assistance from the appellant.
General principles of law governing summary judgments provide that the facts and the inferences to be drawn therefrom must be viewed in the light most favorable to the non-movant, and the movant must show conclusively that there are no genuine issues of material fact. Summary judgment is neither a substitute for a trial nor a trial by affidavit or deposition, and is not appropriate if there is doubt of any material fact. See, Holl v. Talcott, 191 So.2d 40 (Fla. 1966) and Connell v. Sledge, 306 So.2d 194 (Fla. 1st DCA 1975). Further, as the court held in Holl, supra, summary judgment proceedings should be exercised with special caution in negligence actions. Applying these principles to the present case, we conclude that there are genuine issues of material fact as to whether the appellee solicited assistance from the appellant and thus owed a duty of care to appellant, and whether appellee negligently supervised and controlled the towing operation so as to cause the injury to appellant. Summary judgment under the circumstances was error.
REVERSED and REMANDED.
McCORD, ERVIN and SHAW, JJ., concur.