447 So.2d 1012 (1984)
Barbara Ann VUKOVICH, Appellant,
v.
James LEO, Michele Leo, and State Farm Mutual Automobile Insurance Company, Appellees.
No. 83-1898.
District Court of Appeal of Florida, Third District.
April 3, 1984.
*1013 Kaplan & Hodin and Alan J. Hodin, Miami, for appellant.
Talburt, Kubicki & Bradley and Betsy E. Hartley and Robert Bouchard, Miami, for appellees.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
Appellant Barbara Vukovich appeals from an adverse final summary judgment entered in favor of appellees upon a finding that appellant was the sole proximate cause of the automobile accident which is the basis of the instant action. We affirm.
The accident occurred at the intersection of N.E. 163 Street and N.E. 4th Avenue. Appellant testified that she stopped at the stop sign on N.E. 4th Avenue, observed no oncoming traffic, and proceeded to cross the intersection. As she did so, she struck the rear panel of appellees' automobile, which had the right of way through the intersection. The accident occurred on a clear afternoon with dry roads. Appellees' accident reconstructionist, Dr. Charles Kurucz, testified that based on the physical evidence, appellees' vehicle was traveling between 26 and 37 miles per hour and that appellant was traveling between 10 and 25 miles per hour.
Summary judgment should be exercised with special caution in negligence actions. Holl v. Talcott, 191 So.2d 40, 46 (Fla. 1966); Smith v. Smith, 413 So.2d 73 (Fla. 1st DCA 1982). Issues of negligence and probable cause are ordinarily questions for the jury if reasonable men can arrive at different conclusions, but these issues can become questions of law if the facts point to but one possible conclusion. Cassel v. Price, 396 So.2d 258 (Fla. 1st DCA), rev. denied, 407 So.2d 1102 (Fla. 1981); Seaboard Coast Line Railroad Co. v. Griffis, 381 So.2d 1063 (Fla. 1st DCA 1979). After careful consideration of the record on appeal, briefs filed, and oral arguments, we conclude that appellees met their burden of proving that under the facts of this case, appellant cannot prevail. Florida East Coast Railway Co. v. Metropolitan Dade County, 438 So.2d 978 (Fla. 3d DCA 1983); Citizens Bank of Perry v. Harlie Lynch Construction Co., Inc., 426 So.2d 52 (Fla. 1st DCA 1983); Burkett v. Parker, 410 So.2d 947 (Fla. 1st DCA 1982).
Affirmed.