THREADGILL, Judge.
David and Cindy Bengston appeal an order of the trial court dismissing their negligence complaint with prejudice. Dr. Gir-oud, the defendant and appellee, had moved to dismiss for failure to state a cause of action, specifically for: (1) failure to allege a duty owed by Dr. Giroud to David Beng-ston or a legal relationship giving rise to such duty; (2) failure to allege a breach of such duty; and (3) failure to allege that damage was sustained as result of a breach of duty.
Bengston’s complaint stated that he was employed at All Children’s Hospital where Dr. Giroud had staff privileges; that when Dr. Giroud told him to move a heavy piece of equipment, he told Dr. Giroud that he had a bad back and that he had had surgery, and showed him the scar; that Dr. Giroud nevertheless insisted and he obeyed in reliance on the doctor’s knowledge of medical matters and because he feared discipline by the hospital should he disobey a doctor’s order. The complaint also alleged that moving the equipment caused Beng-ston to reinjure his back and that Giroud knew or should have known that moving the equipment posed an unreasonable risk of harm to Bengston. The trial court’s order dismissing the complaint did not recite the specific grounds for dismissal.
Bengston argues that the facts alleged established a legal relationship giving rise to a duty of care. He relies on Smith v. Smith, 413 So.2d 73 (Fla. 1st DCA 1982), involving a commercial wrecker operator who solicited private motorists to help free a moving van stuck in a beach area. The wrecker operator connected the motorists’ cars but when he started the tow, a bolt broke, injuring one of the motorists. In reversing summary judgment for the wrecker operator, the court found genuine issues of material fact as to whether the wrecker operator solicited help from the motorist and thus owed him a duty of care, and whether negligence of the wrecker operator caused the injury.
We think that the reasoning in Smith corresponds to the master-servant analysis applied by the supreme court in Watson v. Watson, 121 Fla. 173, 163 So. 476 (1935). In Watson, the plaintiff, at the defendant’s request, assisted the defendant in starting *381 the defendant’s stalled automobile. When the ear suddenly started, the plaintiff was thrown violently to the pavement and injured. The supreme court held that when the plaintiff became the temporary servant of the defendant, a duty of care arose, and the defendant was liable for the plaintiffs injuries. Because Dr. Giroud requested Bengston’s help, as did the tow operator in Smith and the driver in Watson, we conclude that he owed Bengston a duty of care.
Dr. Giroud contends that because Smith involved breach of a professional duty of care during the course of the professional’s work, it is inapposite. The professional duty distinction, however, goes to the foreseeability of the accident, not to the existence of a duty.
We conclude that the complaint alleged ultimate facts sufficient to establish a master-servant relationship and a breach of a duty of care arising from that relationship. To state a cause of action the complaint need only allege facts indicating that the pleader is entitled to relief. Thompson v. Martin, 530 So.2d 495 (Fla. 2d DCA 1988). We reverse the order dismissing the complaint with prejudice and remand for reinstatement of the complaint.
Reversed and remanded.
RYDER, A.C.J., and FRANK, J., concur.