597 So.2d 363 (1992)
Nolan P. CHIPMAN, Appellant,
v.
Neil CHONIN, et al., Appellees.
No. 91-992.
District Court of Appeal of Florida, Third District.
April 14, 1992.
*364 Nolan P. Chipman, in pro. per.
Rumberger, Kirk, Caldwell & Wechsler, P.A., F. Laurens Brock and Jodi R. Young, Miami, for appellees.
Before NESBITT, JORGENSON and LEVY, JJ.
PER CURIAM.
Nolan Chipman appeals from a final summary judgment entered in favor of the defendants in a legal malpractice/breach of contract case. We affirm.
A party cannot recover damages for legal malpractice unless it is shown that the lawyer neglected a reasonable duty which was the proximate cause of the client's loss. Davenport v. Store, 528 So.2d 45 (Fla. 3d DCA 1988). In breach of contract actions, a plaintiff may recover only if the damages were a proximate result of the breach. Tuttle/White Constructors, Inc. v. Montgomery Elevator Co., 385 So.2d 98 (Fla. 5th DCA 1980). Chipman alleged in his complaint that the defendant's withdrawal as counsel caused him to lose monetary damages in an age discrimination case. However, the record is devoid of any evidence which would support this claim.[1] Any loss of these damages must be attributable to Chipman himself, since he chose to voluntarily accept his former employer's settlement offer. Accordingly, the trial court correctly entered final summary judgment in favor of the defendants. See Vukovich v. Leo, 447 So.2d 1012 (Fla. 3d DCA 1984) (where reasonable minds cannot differ, proximate cause becomes a question of law).
Affirmed.
NOTES
[1] The record indicates that: (1) the defendant properly withdrew from the case ten months before trial was scheduled; (2) Chipman engaged new counsel; and (3) Chipman fired his new counsel approximately four weeks before the start of trial.