722 So.2d 921 (1998)
Sime Michael DADIC and Margaret Z. Dadic, Appellants,
v.
John C. SCHNEIDER, Mosher and Schneider, P.A., Appellees.
No. 97-3801.
District Court of Appeal of Florida, Fourth District.
December 9, 1998.
Rehearing Denied January 21, 1999.
*922 Sime Michael Dadic and Margaret Z. Dadic, Wellington, Appellant pro se.
Jonathan M. Matzner and Robert H. Schwartz of Adorno & Zeder, P.A., Fort Lauderdale, for Appellees.
PER CURIAM.
Appellants ("the Dadics") sued their former attorney and his law firm ("Schneider") for legal malpractice, negligence, breach of contract, and defamation. The Dadics retained Schneider two months prior to trial to represent them in the underlying case, a mechanic's lien foreclosure involving their home. On the day trial was scheduled to begin, Schneider moved for leave to withdraw from the case. Schneider's affidavit in support of the motion stated, in part:
I have been unable to have a meaningful, reasonable attorney-client conversation with the Dadics for at least the past ten days. Each time that I have a conversation with the Dadics, they yell and scream, become incoherent, act insolently, insultingly and berate "everyone in the whole system." .... Each time I try to explain a point of law, they argue with me, literally screaming, breaking in on my statements, stating what the law really is and accusing everyone, including judges and attorneys, of joining in a conspiracy against them.... The Dadics have a persecution complex and have falsely accused everyone, including your deponent, of a grand scheme to do her out of her home.... Mrs. Dadic has called your deponent at home and at the office, in the evenings, during the day and on the weekend, demanding items, explanations and immediate action, with a threat of coming into the office to make a scene.
Apparently, several other attorneys had previously withdrawn from the case.
The following exchange took place at the hearing on the motion to withdraw:
THE COURT: Mrs. Dadic, what do you say about this?
* * * * * *
If I let [Schneider] loose then are you going to be able to try this case by yourselves?
MRS. DADIC: Yes, your honor, we're ready.
THE COURT: You'd rather try it by yourselves?
MRS. DADIC: We'd like to fire Mr. Schneider.
THE COURT: ... But you know you're going to be subject to the rules of civil procedure and rules of evidence....
* * * * * *
And I want you to be very sure that you understand what I'm saying.
MRS. DADIC: I do understand.
The court allowed Schneider to withdraw, and the case went to trial without counsel ten days later. During the trial, the Dadics sought a continuance on the basis that they were unprepared. The court denied their motion and ultimately directed a verdict against them.
The Dadics filed a complaint against Schneider, alleging one count of legal malpractice based on Schneider's failure to carry out their "specific instruction[s]" with respect to the litigation. They claimed he did not add parties, did not sue for certain claims, did not present the facts at a hearing in the manner that they wished, did not conduct depositions in the manner they wanted, refused to make certain motions, and refused to accuse one of the opposing parties of perjury. They also made a claim for malpractice based on Schneider's alleged failure to follow up in discovery and to properly prepare for trial and another claim based on Schneider's charging of fees and expenses above and beyond an initial $5000 retainer *923 and $20,000 mortgage as agreed in an employment agreement. They alleged a fourth count for breach of contract based on Schneider's agreement that he would handle the case through trial. Finally, they alleged libel and slander, based on the statements Schneider made in his affidavit and in court on his motion to withdraw. The Dadics prayed for relief in the form of compensatory and punitive damages.
Schneider moved for summary judgment on all counts. Both sides filed affidavits on the malpractice counts; Schneider from two Florida attorneys, and the Dadics, from an out-of-state attorney and an out-of-state paralegal. The other evidence before the court included depositions, the record from the other case, and a copy of the retainer agreement between the Dadics and Schneider.
Initially, the court granted a partial summary judgment in favor of Schneider on the defamation count and struck the Dadics' claim for punitive damages. The court postponed the remaining issues due to a shortage of time. The explicit and lengthy order setting the continued hearing advised the Dadics that a calendar call would be held and that the case would be on one hour call. The Dadics did not show up for the hearing, at which time the court considered the balance of the issues and entered the summary judgment. The court subsequently entered a final judgment against them.
We conclude from the record that the trial court did not err in granting summary judgment in Schneider's favor on the defamation count. Schneider made the statements during the course of judicial proceedings to inform the court of the reasons for the motion. Thus, his statements were absolutely privileged. See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co., 639 So.2d 606, 607-08 (Fla.1994); Fridovich v. Fridovich, 598 So.2d 65, 66 (Fla.1992). See also Hope v. National Alliance of Postal & Fed. Employees, 649 So.2d 897 (Fla. 1st DCA 1995).
The court also did not err by striking the Dadics' claim for punitive damages, as a claim for punitive damages may not be asserted without the trial court having first determined that a factual basis for such damages exists as required by section 768.72, Florida Statutes (1997). Globe Newspaper Co. v. King, 658 So.2d 518, 519 (Fla.1995); Eugene J. Strasser, M.D., P.A. v. Bose Yalamanchi, M.D., P.A., 677 So.2d 22, 23 (Fla. 4th DCA 1996).
We further affirm the summary judgment as to the malpractice count for excessive fees. No authority supports a cause of action on this theory. We also find no error in granting summary judgment on the breach of contract claim. The undisputed evidence is that Schneider sought to withdraw from the case because of irreconcilable differences with the Dadics and that the Dadics stated at the hearing on the motion to withdraw that they were firing Schneider. Only after the Dadics assured the court that they wished to proceed on their own did the court allow Schneider to withdraw. No breach occurred as the parties terminated their agreement by mutual consent.
We reverse, however, as to the summary judgment entered on the other malpractice and negligence counts. A cause of action for legal malpractice has three elements: (1) the attorney must be employed by or in privity of contract with the plaintiff; (2) the attorney must have neglected a reasonable duty; and (3) the negligence must have resulted in and was the proximate cause of loss to the plaintiff. See Brennan v. Ruffner, 640 So.2d 143, 145 (Fla. 4th DCA 1994). We recognize that the attorney-client relationship here ended before the ultimate conclusion of the underlying lawsuit. However, while employment is an element, an attorney need not be in privity with the client throughout the entire course of the underlying action. Where the attorney-client relationship ends before its conclusion, the question is whether the attorney proximately caused the client's damages. See Chipman v. Chonin, 597 So.2d 363, 364 (Fla. 3d DCA 1992).
Proximate cause may be considered a question of law where reasonable minds cannot differ. See Id. at 364. However, here, reasonable minds could differ as to this *924 in the event it is determined that Schneider did not perform adequate discovery. In such event, the Dadics' loss might be attributable in part to him notwithstanding their subsequent actions in the litigation. An issue of fact also exists as to whether the Dadics' actions constituted an intervening superseding cause negating any possible liability on the part of Schneider. See Lenahan v. Russell L. Forkey, P.A., 702 So.2d 610, 612 (Fla. 4th DCA 1997); Mitrani v. Druckman, 576 So.2d 406, 408 (Fla. 3d DCA 1991).
Schneider's affidavits do not address why his alleged failure to follow the Dadics' instructions or his failure to plead certain claims and conduct discovery does not amount to breach of his duty to the Dadics. Therefore, the burden did not shift to the Dadics to prove the existence of genuine issues of fact. See Holl v. Talcott, 191 So.2d 40 (Fla.1966); Heitmeyer v. Sasser, 664 So.2d 358 (Fla. 4th DCA 1995). We, therefore, remand for further proceedings on the malpractice and negligence counts.
We affirm as to all other issues raised.
STONE, C.J., DELL and TAYLOR, JJ., concur.