**Mark Jacob JONES, Plaintiff,**

v.

**LAW FIRM OF HILL AND PONTON, Joy Shelley, Linda Doe, Karen Marcell, Silvia Sanders, Juan C. Gautier & Brian Hill, Defendant.**

**No. 6:00–CV–746–ORL–31–J.**

United States District Court,
M.D. Florida,
Orlando Division.

Aug. 13, 2002.

Mark Jacob Jones, Far Rockaway, NY, pro se.

Jeffrey Dean Starker, Hill & Ponton, P.A., Orlando, FL, Dale T. Golden, marshall, Dennehey, Warner, Coleman & Goggin, Tampa, FL, for defendants.

## ORDER

PRESNELL, District Judge.

On July 24, 2002, Magistrate Judge Glazebrook entered his Report and Recommendation (Doc. 85), recommending that Defendant's Motion for Judgment on the Pleadings (Doc. 69) be granted. On August 12, 2002, Plaintiff filed a perfunctory objection to the Report and Recommenda-

tion (Doc. 87). The Court has reviewed this matter *de novo,* and has concluded that the Report and Recommendation is correct in all respects. It is, therefore

**ORDERED** that:

1. The Report and Recommendation of Magistrate Judge Glazebrook is AFFIRMED and ADOPTED as part of this Order;

2. Defendant's Motion for Judgment on the Pleadings (Doc. 69) is GRANTED;

3. Plaintiff's Amended Complaint (Doc. 62) is hereby DISMISSED with prejudice;

4. All other pending motions are DENIED, as moot.

### REPORT AND RECOMMENDATION

GLAZEBROOK, United States Magistrate Judge.

TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

> MOTION: DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS TO DISMISS AMENDED COMPLAINT (Doc. No. 69)
>
> FILED: April 8, 2002
>
> THEREON it is RECOMMENDED that the motion be GRANTED.

On February 25, 2002, plaintiff Mark Jacob Jones ("Jones") filed an amended complaint against his former attorneys and law firm for legal malpractice, negligence, breach of fiduciary duty, breach of contract, intentional infliction of emotional distress, and civil rights violations. Docket No. 62. The defendant, the Law Firm of Hill and Ponton ("Hill and Ponton"),[1] moves to dismiss Jones's amended complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Specifically, Hill and Ponton claims that it is entitled to judgment on the pleadings because the facts, as alleged by Jones, do not entitle Jones to relief as a matter of law. For the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED**.

### I. *APPLICABLE LAW*

#### A. *Standard of Review*

Judgment on the pleadings under Fed. R.Civ.P. 12(c) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir.1998). If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint. *White v. Lemacks,* 183 F.3d 1253, 1255 (11th Cir.1999); *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir.1985) (threshold is "exceedingly low"). In determining whether to dismiss a case, the Court accepts the allegations in the complaint as true, and otherwise views the allegations in the light most favorable to the plaintiff. *Linder v. Porto-*

---

1. The title of the motion for judgment on the pleadings uses the singular term "Defendant's," and the introductory sentence states that "the Defendant the Law Firm of Hill and Ponton" files the motion. Docket No. 69 at 1. The conclusory clause refers only to the single defendant. Attorney Dale T. Golden signed the motion as attorney for "Defendants." *See* Docket No. 69 at 7. The Court treats this motion as one filed only by the law firm. The individual defendants have not been served despite this Court's order [Docket No. 67], and have not otherwise appeared in this action. *See* Docket No. 18 (motion to dismiss filed September 8, 2000, expressly reserving right to contest service); *see also* Local Rule 2.03(a).

*carrero*, 963 F.2d 332, 334 (11th Cir.1992) citing *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994–95 (11th Cir.1983). The Court does not generally accept conclusory allegations as true. *See South Florida Water Management District v. Montalvo*, 84 F.3d 402, 408 n. 10; *accord, Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir.1974).

### B. *Legal Malpractice*

█ In a Florida legal malpractice action, the client carries the burden of establishing three elements: 1.) employment of the defendant attorney; 2.) failure of the attorney to exercise reasonable care, skill and diligence; and 3.) that such negligence was the proximate cause of damage to the plaintiff. *Bill Branch Chevrolet, Inc. v. Philip L. Burnett, P.A.*, 555 So.2d 455, 455 (Fla.App.2d Dist.Ct.App.1990); *Thompson v. Martin*, 530 So.2d 495, 496 (Fla.App.2d Dist.Ct.App.1988). An attorney must have the knowledge and skill necessary to confront the circumstances of each case. *See, e.g., Bill Branch*, 555 So.2d at 455; *State v. Meyer*, 430 So.2d 440, 443 (Fla.1983), overruled on other grounds sub nom. *State v. District Court of Appeal, First District*, 569 So.2d 439 (Fla.1990). In addition, "the attorney is under a duty at all times to represent his client and handle his client's affairs with the utmost degree of honesty, forthrightness, loyalty and fidelity." *Smyrna Developers, Inc. v. Bornstein*, 177 So.2d 16, 18 (Fla.App.2d Dist.Ct.App.1965). *See also FDIC v. Martin*, 801 F.Supp. 617, 620 (M.D.Fla.1992); *Armour & Co. v. Lambdin*, 154 Fla. 86, 16 So.2d 805, 810–11 (1944); *Fernandez v. Cunningham*, 268 So.2d 166, 168 (Fla.App.3d Dist.Ct.App. 1972).

In a suit for legal malpractice, proof that the attorney's negligence proximately caused the client's harm is necessary for recovery. *See Sure Snap Corp. v. Baena*, 705 So.2d 46, 48 (Fla.App.3d Dist.Ct.App.

1997). Recently, in *Porter, III v. Ogden, Newell & Welch*, 241 F.3d 1334 (11th Cir. 2001), the Eleventh Circuit examined the law of the State of Florida in a legal malpractice action.

█ The Eleventh Circuit explained that, under Florida law, a cause of action for negligence does not accrue until the existence of a redressable harm or injury has been established and the injured party knows or should have known of either the injury of the negligent act. *Porter, III*, 241 F.3d at 1338. When a plaintiff bases a malpractice action on errors committed in the course of litigation, and the litigation proceeds to judgment, generally the redressable harm is not established until final judgment is rendered. *Porter, III*, 241 F.3d at 1338. An allegation setting forth the disposition of the underlying proceeding is an ultimate fact that plaintiff must plead to state a cause of action for legal malpractice against defendants. *See Peat, Marwick, Mitchell & Co. v. Lane*, 565 So.2d 1323, 1324 (Fla.1990); *Conley v. Shutts & Bowen, P.A.*, 616 So.2d 523, 524 (Fla.App.3d Dist.Ct.App.1993); *Pennsylvania Ins. Guar. Ass'n v. Sikes*, 590 So.2d 1051, 1052 (Fla.App.3d Dist.Ct.App.1991).

█ The Supreme Court of Florida has held that in a litigation context, "a malpractice case is hypothetical and damages are speculative until the underlying action is concluded with an adverse outcome to the client." *Silvestrone v. Edell*, 721 So.2d 1173 (Fla.1998). However, Florida cases should not be read to require every party who suffers a loss and attributes that loss to legal malpractice to obtain a final determination of the underlying case before asserting a claim for legal malpractice. The Eleventh Circuit recently explained that instead of setting a fine line, Florida courts hold that a malpractice action accrues when "it is reasonably clear that the client has actually suffered some

damage from legal advice or services." *Porter, III,* 241 F.3d at 1339 (quoting *Throneburg, III v. Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, P.A.,* 659 So.2d 1134, 1136 (Fla.App.4th D.C.A.1995)). The test for determining when a cause of action for attorney malpractice has accrued is whether the existence of redressable harm has been established. 241 F.3d at 1339—40. Thus, it is not necessary to complete the litigation of the case giving rise to the malpractice claim if it is reasonably clear that the client has actually suffered some damage from legal advice or services.

■ Moreover, a party cannot recover damages for legal malpractice unless it is shown that the lawyer neglected a reasonable duty which was the proximate cause of the client's loss. *Chipman v. Chonin,* 597 So.2d 363 (Fla.App.3d D.C.A.1992). In *Chipman,* the plaintiff had retained the services of the defendant-attorney to represent him in an age discrimination suit against his former employer. The attorney withdrew ten months prior to trial. The plaintiff obtained new counsel, whom he fired four months prior to trial. The plaintiff then accepted a settlement offer from his former employer. Subsequently, the *Chipman* plaintiff filed a legal malpractice and breach of contract case against his first retained counsel, claiming that the defendant wrongfully withdrew as his counsel thereby causing him to "lose monetary damages in an age discrimination case." 597 So.2d at 363. The court granted summary judgment to the defendant attorney, stating that the plaintiff could not prove that any breach of contract was the "proximate cause" of any loss: "any loss of these damages must be attributable to Chipman himself since he chose to voluntarily accept his former employer's settlement offer." *Id.*

## C. *Intentional Infliction of Emotional Distress*

■ The Florida Supreme Court has recognized the tort of intentional infliction of emotional distress, but has carefully defined its contours:

It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Metropolitan Life Ins. Co. v. McCarson,* 467 So.2d 277, 278–79 (Fla.1985) (quoting Restatement (Second) of Torts, § 46 comment d (1965)); *Martin v. Baer,* 928 F.2d 1067 (11th Cir.1991). In Florida, in order to allege a cause of action for intentional infliction of emotional distress, a plaintiff must show the following: 1.) the wrongdoer's conduct was intentional or reckless, *i.e.,* he intended his behavior when he knew or should have known that emotional distress would likely result; 2.) the conduct was outrageous, *i.e.,* beyond all bounds of decency, atrocious and utterly intolerable in a civilized community; 3.) the conduct caused emotional distress; and 4.) the emotional distress was severe, 657 So.2d 1210, 1212 (Fla.App.5th D.C.A. 1995) (citing *Williams v. City of Minneola,* 619 So.2d 983, 986 (Fla.App.5th D.C.A. 1993)).

## II. APPLICATION

### A. Factual Background

#### 1. Jones's present suit against Hill and Ponton

According to the amended complaint, on April 12, 1998, Jones broke his right foot in a slip and fall incident. The incident occurred on the Ramada Inn Vacation Resort property located in Orlando, Florida. Jones alleges that he hired the law firm Hill and Ponton to represent him in his personal injury claim against Ramada Inn. On April 17, 1998, Jones and Hill and Ponton entered into a contingent-fee contract and retainer agreement. *See* Agreement, Docket No 62, Exhibit A. Under the agreement, Jones agreed that:

If after investigation of such claim or claims, my attorneys determine that it is not desirable to prosecute my claim, upon notification to me of this fact, my attorneys may withdraw under this agreement.

On April 20, 1998, attorneys Brian Hill and Karen Marcell sent a letter to Jones stating that if they were not able to settle, the case will be prepared for a court decision.

Jones alleges that Hill and Ponton also provided him with a "Statement of Client Rights," which provides that:

[i]f your lawyer begins to represent you, your lawyer may not withdraw from the case, without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often your lawyer must obtain court approval before withdrawing from a case.

Docket No. 15, Exhibit H. On March 15, 1999, Jones sent a letter to Hill and Ponton requesting that a demand package be sent to Ramada Vacation Suite.

On May 22, 1999, Hill and Ponton withdrew from representing Jones. It is undisputed that, at the time of withdrawal, more than three years remained under the statute of limitations with regard to Jones's personal injury claim.

#### 2. Jones's underlying personal injury suit against Ramada Inn

Proceeding *pro se,* Jones filed a personal injury action against Ramada Inn in this Court on June 13, 2000. *See* Docket No. 1, Case No. 6:00–cv–747–Orl–22A. Jones's suit against Ramada Inn alleged that Ramada Inn's negligence cased Jones to suffer a broken bone in his right foot while walking at the Ramada Inn Vacation Resort.

On July 6, 2000, the Honorable Anne C. Conway dismissed the complaint for lack of subject matter jurisdiction—the complaint stated no federal question, and there was no diversity of citizenship. *See* Docket No. 8. Jones appealed the Court's decision. On September 5, 2001, the United States Court of Appeals for the Eleventh Circuit reversed, stating that the district court should have allowed Jones, who was proceeding *pro se,* to file an amended complaint that cured the diversity-related deficiencies identified by the Court. *See* Docket No. 24.

In the meantime, Jones and Ramada Inn's insurance company, Reliance Insurance Company ("Reliance"), participated in settlement negotiations relating to the claim against Ramada Inn. On September 17, 2001, Reliance told Jones that it was in rehabilitation and was facing insolvency. Reliance offered Jones $2,500 as settlement of the claim against Ramada Inn, which Jones voluntarily accepted on September 28, 2001. Docket No. 62, Exhibit P.

### B. Analysis of Jones's Claims

#### 1. Parties' Position

Jones claims that Hill and Ponton improperly withdrew as his personal injury

counsel against Ramada Inn. Jones further claims that Hill and Ponton failed to provide Jones with notice, deliver necessary papers, or allow Jones time to employ another lawyer as was required by the Statement of Clients Rights. Jones argues that Hill and Ponton's failure to take a recorded statement and present it to Reliance with a settlement offer prejudiced Jones's ability to enter into an earlier and more favorable settlement with Ramada Inn. Specifically, Jones argues that "had defendants requested a sum certain in lieu of settlement, like [Jones] had requested, and like they said they would do, there lies a marginal probability that [Jones] may have reached a settlement more substantial than [Jones] received, before Reliance Ins. Co. became insolvent." Docket No. 70 at 7. Jones "believes" that Hill and Ponton withdrew as his counsel because they realized that Jones was in jail. Jones further claims that Hill and Ponton did not provide Jones with the documents related to his case until June 22, 2000—over a year after Hill and Ponton's withdrawal as counsel.

In his ten-count amended complaint, Jones alleges that in withdrawing as Jones's counsel, Hill and Ponton breached its contractual agreement, committed legal malpractice, committed professional negligence and misrepresentation, perpetrated fraud in the inducement, and inflicted intentional emotional stress. Jones also claims that Hill and Ponton denied him of his civil rights under the Fifth Amendment due process clause, Sixth Amendment right to effective assistance of counsel, Seventh Amendment, right to trial by jury, and Fourteenth Amendment right to equal protection under the law. See Docket No. 62.

On April 8, 2002, Hill and Ponton filed the present motion to dismiss the amended complaint. Docket No. 69. Hill and Ponton alleges that the case should be dismissed as a matter of law because: 1.) pursuant to the retainer agreement, Hill and Ponton had the absolute right to withdraw as counsel for the plaintiff; and 2.) Jones was not damaged by Hill and Ponton's withdrawal of representation because three years remained before the statute of limitations expired on Jones personal injury claim against Ramada Inn, and Jones accepted a monetary settlement from Ramada Inn. On April 11, 2002, Jones filed a memorandum in opposition together with a motion for judgment on the pleadings. Docket No. 70.

### 2. Jones's State Law Claims

Although the defendant filed a ten-count Amended Complaint, the gravamen of Jones's state law allegations are found in Counts 2, 4, and 5. In those counts, Jones alleges that Hill and Ponton "withdrew unofficially as counsel, breaching a contractual agreement", "broke their agreement to represent plaintiff against Ramada Inn", and "committed fraud" by not filing the plaintiff's case "for a court's decision." See Docket No. 62 at 3—4.

For the purposes of this report and recommendation only, the Court presumes that Jones has alleged sufficient facts that could show that Hill and Ponton failed to exercise reasonable care, skill and diligence in their representation of Jones and that Hill and Ponton breached its contract with Jones. However, the facts alleged by Jones do not show, as a matter of law, that the alleged breach of duty of care or breach of contract was the proximate cause of any redressable harm. Clearly, the absence of damages precludes recovery for malpractice, negligence, breach of fiduciary duty, and breach of contract.

Jones's personal injury claim against Ramada Inn had a four year statute of limitation period. Fla. Stat. § 95.11(3)(a). Hill and Ponton withdrew as counsel approximately three years prior to the stat-

ute of limitations expiring. Jones received his "entire file" from defendant on June 22, 2000, more than 20 months prior to the statute of limitations expiring. Jones received Reliance's (not Ramada Inn's) rehabilitation and insolvency notice on September 17, 2001. On September 28, 2001, Jones accepted $2,500 in a voluntary settlement with Ramada Inn. At the signing of the settlement agreement, more than seven months still remained under the statute of limitations with regard to his personal injury claim against Ramada Inn, notwithstanding Reliance's financial status.

Jones's allegations that the taking of his recorded statement "could have helped settle his claim," or that there "exists a marginal probability that had Hill and Ponton pursued [his] claim properly [he] would have received a much higher award, before the Insurance Co. went into Rehabilitation and solvency" are too speculative. There must be more than mere speculation. There must be a redressable harm *proximately caused* by Hill and Ponton's conduct. Accordingly, Counts 1—6 should be dismissed.

 In Counts 7 and 8, Jones attempts to allege the tort of intentional infliction of emotional distress.[2] Amended Complaint at 6—7. The misconduct alleged by Jones cannot be characterized as *outrageous, i.e.,* beyond all bounds of decency, atrocious and utterly intolerable in a civilized community. Moreover, the "grave risk of emotional stress, humiliation, mental pain and suffering, abandonment, and mental anguish" suffered by Jones does not rise to the level of severity required to state a claim for recovery. Jones has not established, as a matter of law, sufficient facts

in support of his claim for intentional infliction of emotional distress. Accordingly, Count 7 and 8 should be dismissed.

### 3. Jones's Civil Rights Claims

To allege a civil rights cause of action, Jones must demonstrate that the action was committed by a person acting under color of state law, and that the plaintiff was deprived of right, privileges, or immunities secured by the Constitution. *Rey v. KMART Corp.,* 1998 WL 656070, *2, 1998 U.S. Dist. LEXIS 23096, * 6 (S.D.Fla.1988) (citing *Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir.1992)); *Florida Country Clubs, Inc. v. Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A,* 98 F.Supp.2d 1356, 1364 (M.D.Fla.2000). Jones makes no allegations that Hill and Ponton is a "state actor." In fact, there's absolutely no indication that the defendants, a private law firm and its attorneys, are state actors. As Hill and Ponton is not a "state actor" no cause of action for alleged civil rights violation exists against it.

Additionally, Hill and Ponton's actions did not deny Jones any constitutionally protected right. Assuming the Fifth, Sixth, Seventh, and Fourteenth Amendments were somehow implicated by Hill and Ponton's representation of Jones—an improbable assumption—each right granted by those Amendments still existed at the time Hill and Ponton withdrew as counsel for Jones. As indicated above, Jones had nearly three years from the date of separation from Jones to determine the course of action to choose in pursuing his claim against Ramada Inn. Because Hill and Ponton is not a "state actor" and because Jones has alleged no constitutional

---

**2.** Although Hill and Ponton asks this Court for dismissal of the Amended Complaint in its entirety, Hill and Ponton failed to specify any basis for dismissing Jones's intentional infliction of emotional distress cause of action. Indeed, Hill and Ponton do not even mention Jones's emotional distress cause of action in their moving papers. Nevertheless, for purposes of thoroughness and judicial economy, the Court reviews, *sua sponte,* Jones's emotional distress claim to determine whether it states a claim to recovery under Florida law.

injury, Count 9 of the amended complaint should be dismissed with prejudice.

## IV. *CONCLUSION*

For the reasons stated above, it is **RECOMMENDED** that Hill and Ponton's Motion for Judgment on the Pleadings to Dismiss Amended Complaint with Prejudice [Docket No. 69] be **GRANTED**. Jones's amended complaint [Docket No. 62] should be **DISMISSED**. It is

**FURTHER RECOMMENDED** that the pending motions at Docket Nos. 70, 72, 73, 79, 80, and 83 be **DENIED** as moot.

Failure to file and serve written objections to the proposed findings and recommendations in this report, pursuant to 28 U.S.C. § 636(b)(1)(B) and (e) and Local Rule 6.02, within ten days of the date of its filing shall bar an aggrieved party from a de novo determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.