974 So.2d 1127 (2008)
Jose BARROCAS, Appellant,
v.
DIRECTV, INC., Directv Florida, L.L.C. and Carlos Zambrano, an individual, Appellees.
Nos. 3D06-2584, 3D06-1856.
District Court of Appeal of Florida, Third District.
January 30, 2008.
Rehearing Denied March 5, 2008.
*1128 Hunter, Williams & Lynch, Coral Gables and Chistopher J. Lynch, for appellant.
Salas, Ede, Peterson & Lage, South Miami and Clarke S. Sturge and Douglas E. Ede; Groves & Verona, Miami and Russell M. Verona, for appellees.
Before RAMIREZ, SHEPHERD, and CORTIÑAS, JJ.
RAMIREZ, J.
Jose Barrocas appeals from an adverse final summary judgment in this negligence action arising from a slip and fall. Because there is an absence of a legal relationship that gives rise to a duty of care upon which Barrocas could recover against the underlying defendants, we affirm.
Barrocas filed a negligence action for injuries he sustained after he fell from a ladder in his own house while he was providing a glass of water to Carlos Zambrano. At the time of the fall, Zambrano was installing a satellite system in Barrocas' house as an employee of Directv. Barrocas' amended complaint alleged that Zambrano requested that Barrocas climb up the ladder to bring him the water up to the attic, but Barrocas failed to allege how the defendants were negligent or how Barrocas fell from the ladder. Barrocas did not allege in the complaint that the ladder was defective or improperly set up so as to cause Barrocas to fall. The amended complaint alleged: "[u]pon climbing the ladder, Plaintiff reached to give ZAMBRANO the glass of water whereupon Plaintiff slipped and fell from the ladder sustaining injuries." From these allegations, we are to infer that there must have been negligence. We neither believe that Barrocas has stated a cause of action, nor do we agree that defendants, by requesting that Barrocas climb the ladder, assumed a duty to provide for Barrocas' safety and security in climbing the ladder.
Barrocas argues that the facts alleged established a legal relationship giving rise to a duty of care. He relies on three cases. The first one is Watson v. Watson, 121 Fla. 173, 163 So. 476 (1935), a case in which the plaintiff was injured while trying to help the defendant get his car started. The defendant was inside the car operating the controls while the plaintiff was pushing the car. The plaintiff was injured when the car suddenly jerked, throwing the plaintiff violently to the pavement. The jury found no liability on the part of the defendant. That case is also inapposite as it was the defendant that produced a jerking by pushing down on the accelerator. To be analogous to our case, Zambrano would have had to cause the ladder to jerk thereby making Barrocas fall.
*1129 The second case on which Barrocas relies is Smith v. Smith, 413 So.2d 73, 74 (Fla. 1st DCA 1982), involving a commercial wrecker operator who solicited private motorists to help free a moving van stuck in a beach area. The wrecker operator connected the motorists' cars but when he started the tow, a bolt broke, injuring one of the motorists. Id. In reversing summary judgment for the wrecker operator, the court found genuine issues of material fact as to whether the wrecker operator solicited help from the injured motorist and thus owed him a duty of care, and whether negligence of the wrecker operator caused the injury. Id.
The third and last case is Bengston v. Giroud, 559 So.2d 380 (Fla. 2d DCA 1990), where the plaintiff alleged that he was employed at All Children's Hospital where the defendant-doctor had staff privileges; that when the doctor told him to move a heavy piece of equipment, he told the doctor that he had a bad back and that he had had surgery, and showed him the scar; that the doctor nevertheless insisted, and that he obeyed in reliance on the doctor's knowledge of medical matters and that he feared discipline by the hospital should he disobey a doctor's order.
What these three cases have in common is the reasoning that a master-servant relationship was established when the defendants requested the plaintiff to assist them, thereby establishing a duty of care. These short opinions do not elaborate on what allegations of negligence were in their respective complaints, but it appears that in all three cases, there was arguably some negligence on the part of the defendants. In Watson, the defendant was the one who caused the car to jerk by pressing on the accelerator while the plaintiff was pushing, thereby throwing the plaintiff down onto the pavement. In Smith, the defendant started to tow the van when the bolt broke. Implicitly, the plaintiff had to be close enough to the bolt to be struck by it when it snapped. In Bengston, the defendant-doctor insisted that the plaintiff help him move a heavy piece of equipment despite being placed on notice that he had a bad back. Barrocas has not alleged that the defendant did anything wrong other than requesting a glass of water. As stated earlier, the only allegation is that upon climbing the ladder, Barrocas reached to give Zambrano the glass of water, whereupon Barrocas slipped and fell from the ladder sustaining injuries.
More importantly, all three cases cited by Barrocas involve a request that the plaintiffs assist the defendants in his or her work-related tasks. Barrocas was not asked to assist Zambrano in the installation of the satellite system. Zambrano could have continued the installation while he was thirsty.
Furthermore, the master-servant relationship that Barrocas proposes would ostensibly make Barrocas the servant of Directv, but the defendants already are being charged vicariously for the negligence of Zambrano, who undisputedly is the servant of Directv. A servant is a person employed by the master to perform service for the master in the master's affairs with the retention by the master of control or right of control, over the physical details of the service. See Harper, et al., The Law of Torts, 2d ed., Vol. 5, § 26.6, p. 23 (citing Restatement Second of Agency §§ 219(1), 220(1) and Comments (1958)). Additionally, the master's liability extends only to those acts that are regarded as done within the scope of the servant's employment. It is a stretch to argue that Zambrano, who was himself the servant of Directv, was authorized to hire Barrocas as a servant, that Barrocas was then performing a service for the master in the master's affairs, *1130 and that the master had any control, or right of control, over the details of the service, here obtaining a glass of water for Zambrano. Even if Barrocas could establish all of this, would not Barrocas then be considered an employee of Directv so as to be covered by workers' compensation? Barrocas still must establish that an employee-employer relationship existed between himself, Zambrano, or Directv to recover for the injuries he sustained under workers' compensation law. See § 440.02, Fla. Stat. (2006). Neither does Barrocas qualify as an "employee" of Zambrano or Directv, nor as an independent contractor of Zambrano or Directv as defined in that section.
For the above reasons, we affirm.