477 So.2d 28 (1985)
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Pennsylvania, Appellant,
v.
Lanny GELFAND and Sondra Gelfand, Appellees.
No. 85-576.
District Court of Appeal of Florida, Third District.
October 15, 1985.
Richard A. Sherman and Rosemary Wilder and Richard K. Owen, Fort Lauderdale, for appellant.
Spieler, Weiner & Spieler and Gregory Spieler, Miami, for appellees.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
PER CURIAM.
Based upon its failure to secure appropriate fire insurance coverage,[1] the Gelfands *29 recovered a jury verdict and judgment in the amount of the fire loss against their agent, Traurig Insurance Company, and Traurig's errors and omissions-liability carrier, National Union Fire Insurance Company of Pittsburgh. The points presented in the appeal taken by National Union alone are so patently frivolous that we have assessed a $2,500 attorney's fee against it under section 57.105, Florida Statutes (1983).
The Gelfands' cross-appeal challenges the denial of pre-judgment interest. We agree that they are entitled to such interest at the statutory rate commencing when the proceeds of the fire insurance coverage, if secured, would have been due under the policy. Miller v. First Service Corp., 471 So.2d 1332 (Fla. 3d DCA 1985); see generally Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985). After remand, that amount shall be calculated[2] and awarded to the plaintiffs in an additional judgment against Traurig and National Union.
Affirmed in part, remanded in part.
NOTES
[1] An Old Republic Insurance Company policy was secured by Traurig but it did not describe and therefore did not cover the premises which were subsequently burned.
[2] The Old Republic policy, see supra, note 1, provides for payment 30 days after proof of loss. The trial court will be required, therefore, to determine when the proof of loss (which was subsequently correctly rejected by Old Republic) was submitted by the Gelfands and to calculate interest from the date 30 days thereafter.