485 So.2d 486 (1986)
Howard I. KAY, Appellant,
v.
Daniel S. BRICKER, Appellee.
No. 85-1589.
District Court of Appeal of Florida, Third District.
March 25, 1986.
*487 Jeffrey M. Feuer, Miami, for appellant.
Harold M. Braxton and Patricia Ann Ash, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and FERGUSON, JJ.
FERGUSON, Judge.
On or about August 28, 1978, Bricker fractured a tooth while biting into a hamburger at a Lum's restaurant. He retained an attorney to represent him in an action against the restaurant, its meat supplier and their insurers. Bricker discharged his attorney in October 1981, personally negotiated a $2000 settlement with the meat supplier and its insurer, and executed a release in August 1982.
On August 17, 1982, ten days before the expiration of the statute of limitations, Bricker retained defendant Howard Kay to represent him in an action against the restaurant and its insurer. Kay timely instituted a lawsuit against "Lum's Restaurant Corp.," only to discover, after expiration of the statute of limitations, that the entity sued, although having a similar name, was not the tortfeasor. Bricker sued Kay for legal malpractice.[1]
Prior to trial Kay assessed the value of the case at $2500 and offered Bricker $500 over the $2000 partial settlement Bricker had already received from the restaurant's meat supplier and its insurer. Bricker refused Kay's settlement offer and the case went to trial. The court granted Bricker's pretrial motion in limine which requested that evidence or testimony as to the $2000 settlement received from the co-defendants be excluded from the jury's consideration. The jury's appraisal of the case was exactly the same as Kay's  it awarded damages of $2500. Kay requested that the court offset the award by deducting the $2000 which Bricker obtained from the co-defendants. The court's refusal to set off the jury award by the amount of the partial settlement and its order taxing costs against Kay are the bases for the appeal. We reverse.
In a malpractice action based on an attorney's negligence in prosecuting a suit which results in the loss of the client's claim, the measure of damages is the amount which the client would have recovered but for the attorney's negligence. Freeman v. Rubin, 318 So.2d 540 (Fla. 3d DCA 1975). Plaintiff could not recover from the defendant an amount which would exceed the amount of his proven damages. Defendant, therefore, was entitled to set off against the jury award that amount which had already been paid by the original tortfeasor in partial satisfaction of the claim. § 768.041(2), Fla. Stat. (1985); Devlin v. McMannis, 231 So.2d 194 (Fla. 1970) (§ 768.041(2) is designed to prevent duplicate or overlapping compensation for identical damages).
Since plaintiff's judgment after the setoff is not more favorable than the offer of judgment made by the defendant, all costs incurred after the making of the offer must be borne by the plaintiff. See Fla.R.Civ.P. 1.442.
Reversed and remanded for further consistent proceedings.
NOTES
[1] This case was previously before us to review an order dismissing Bricker's complaint for failure to state a cause of action. Bricker v. Kay, 446 So.2d 1151 (Fla. 3d DCA 1984). We held there that the allegation that Kay named the wrong defendant, resulting in dismissal of his client's case with prejudice after expiration of the statute of limitations, sufficiently stated a cause of action.