489 So.2d 830 (1986)
D.R. MEAD & CO., a Florida Corporation, and Robert Weise, Appellants,
v.
CHESHIRE OF FLORIDA, INC., a Florida Corporation, Appellee.
Nos. 85-618, 85-723.
District Court of Appeal of Florida, Third District.
June 3, 1986.
Rehearing Denied June 27, 1986.
*831 McDermott, Will & Emery and James E. Betke, Chicago, Ill., and Catherine A. Gaudreau, Miami, for appellants.
Maurice Rosen, Young, Stern & Tannenbaum and Glen Rafkin, North Miami Beach, for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
Cheshire of Florida, Inc., the operator-lessee of a Hallandale discotheque which was destroyed by a deliberately-set fire, lost a federal court suit on a $700,000 loss of contents claim against its fire insurer, Pine Top Insurance Company. The jury in that case found  without reaching the carrier's other defenses, including that of arson  that Cheshire had made material misrepresentations in securing the coverage. Cheshire thereupon brought the instant action against its own insurance agent, D.R. Mead & Co., and Robert Weise, a Mead employee, claiming that they had made the misrepresentations in question and had thus been responsible for the plaintiff's failure to recover on the policy. In order to prevail in this action, Cheshire was required to show that the defendants had indeed made the alleged misrepresentations and that, if they had not done so, Cheshire both would have secured an equivalent policy either from Pine Top or another carrier and would have been successful in an action on that policy. See Kay v. Bricker, 485 So.2d 486 (Fla. 3d DCA 1986); Weiner v. Moreno, 271 So.2d 217 (Fla. 3d DCA 1973). After the trial judge struck the "defense" of arson and directed a verdict in the plaintiff's favor on the damage issue to the effect that it had sustained at least $700,000 in insurable loss,[1] the jury returned a verdict for Cheshire. We reverse the ensuing judgment for $700,000 plus pre-judgment interest upon the holdings that both of these rulings were incorrect.
1. Although there was virtually undisputed evidence that the fire was of incendiary origin, the trial court apparently ruled that the evidence was insufficient even to create a jury issue that Cheshire or its principal, Torpy  as opposed to a burglar or a random firebug  had been responsible for setting it. We find, completely to the contrary, that the circumstantial *832 evidence  including that Cheshire was in extreme financial difficulty, and had shortly before doubled its coverage upon a representation, which was not true, that it had recently installed extensive new equipment  amply supported the conclusion that, if Torpy did not set the fire himself, he had "arranged for someone else to do so." 18 Couch on Insurance 2d § 74:668 (rev.ed. 1983), and cases cited; Cora Pub, Inc. v. Continental Casualty Co., 619 F.2d 482 (5th Cir.1980) (applying Florida law); Mele v. All-Star Insurance Corp., 453 F. Supp. 1338 (E.D.Pa. 1978). Cheshire's argument that Torpy was not himself in the vicinity when the fire occurred is totally unpersuasive. In this day and age of specialization and professionalism, which extends to the entire range of both lawful and unlawful endeavor, the self-evidently reasonable likelihood that a skilled independent contractor was hired to do the job is more than sufficient to carry the case to the jury. Don Burton, Inc. v. Aetna Life & Casualty Co., 575 F.2d 702, 705-06 (9th Cir.1978) ("It is clear that a defendant need not be actually present at the time of the commission of the offense in order to aid and abet its commission... . Unsurprisingly, the notion that a defense of arson can be defeated by a failure to prove that the insured himself was the incendiarist is not supported by any authority to which our attention has been drawn and we have been unable to find any."); Mele, 453 F. Supp. at 1340-41 (insured in Hawaii when fire set in Philadelphia).[2]
2. Without detailing the evidence submitted on both sides of the damages issue, we find that the actual cash value of the contents destroyed by fire was entirely for the jury to determine. See Berkshire Mutual Insurance Co. v. Moffett, 378 F.2d 1007 (5th Cir.1967). The trial court therefore incorrectly concluded that a value of at least $700,000 had been established as a matter of law.[3]
We reject the appellants' claim to the right to a directed verdict in the case as a whole, which is founded on the contention that Cheshire failed to establish that they had made any misrepresentations, that the misrepresentations were material, or, contrarily, that if the misrepresentations had not been made a policy would nevertheless have been secured. We have carefully examined the record and find the evidence sufficient to justify the jury verdict for Cheshire, which resolved these points in its favor. Moreover, since there is no other error which may have affected that verdict, there is no reason why the issue of defendants' liability vel non need be retried. See Larrabee v. Capeletti Brothers, Inc., 158 So.2d 540 (Fla. 3d DCA 1963). Hence, the new trial required by this opinion shall be confined to the issues of arson and damages.[4]
Reversed and remanded with directions.
NOTES
[1] The trial judge also struck the defense that Cheshire had submitted a fraudulently overstated proof of loss to Pine Top. But, while the appellants' brief refers generally to a claim of error in this regard, it contains no argument in support of that contention. Hence, we regard the point as insufficiently presented and do not consider it further. See 3 Fla.Jur.2d Appellate Review § 199 (1978).
[2] While we cannot agree with the appellants that the trial judge reversibly erred in excluding expert testimony that the type of fire involved was more likely set for financial motives than to cover a burglary, see Johnson v. State, 393 So.2d 1069, 1072-73 (Fla. 1980), cert. denied, 454 U.S. 882, 102 S.Ct. 364, 70 L.Ed.2d 191 (1981), we note that the opposite ruling would also have been within his discretion. Buchman v. Seaboard Coast Line R. Co., 381 So.2d 229 (Fla. 1980); Mele, 453 F. Supp. at 1340-41.
[3] As a sub-issue on this point, the defendants claim error in the exclusion of proffered testimony as to value by an appraiser they had retained. We agree and direct that this testimony be admitted at the new trial. Honeywell, Inc. v. Trend Coin Co., 449 So.2d 876 (Fla. 3d DCA 1984), approved in part, quashed in part on other grounds, 487 So.2d 1029 (Fla. 1986); Worcester Mutual Fire Insurance Co. v. Eisenberg, 147 So.2d 575 (Fla. 3d DCA 1962). We reject the other claim of harmful evidentiary error on this issue.
[4] We find no merit in either the appellants' challenge to the award of pre-judgment interest, National Union Fire Insurance Co. v. Gelfand, 477 So.2d 28 (Fla. 3d DCA 1985); Miller v. First Service Corp., 471 So.2d 1332 (Fla. 3d DCA 1985), or Cheshire's claim to attorney's fees. See American Home Assurance Co. v. City of Opa Locka, 368 So.2d 416 (Fla. 3d DCA 1979).