705 So.2d 46 (1997)
SURE SNAP CORPORATION and Elaine Shure, Appellants,
v.
Scott L. BAENA and Stroock & Stroock & Lavan, Appellees.
Nos. 95-3551, 95-3550.
District Court of Appeal of Florida, Third District.
December 17, 1997.
Rehearing Denied February 25, 1998.
*47 Lydia Shure, New York City, for appellants.
Stephens, Lynn, Klein & McNicholas and Philip D. Parrish and Robert M. Klein, Miami, for appellees.
Before JORGENSON, LEVY and GREEN, JJ.
PER CURIAM.
An attorney sued his former client for attorney's fees and the former client filed a counter-claim alleging malpractice. In this consolidated appeal, the former client appeals from that part of the jury verdict and Final Judgment that awarded no damages for her claim of malpractice, and the attorney and his law firm appeal from a Final Cost Judgment that awarded costs to the former client.
This case involves Sure Snap Corporation, a once successful company engaged in the manufacture of snap fasteners used in the apparel industry, most commonly featured on blue jeans. Alfred Shure was the president of Sure Snap Corporation and was married to Mrs. Elaine Shure. Sure Snap's operations were based primarily in Miami and New York. In 1984 Alfred Shure began the negotiations necessary to move his plant to Vermont. He contracted with State Street Bank and Trust Company which extended a line of credit to Sure Snap Corporation in the amount of $1.25 million for its Vermont operations. According to Mrs. Shure, State Street Bank arbitrarily reduced the line of credit to $450,000, which, in turn, had a crippling effect on the manufacturing operations of Sure Snap.
On March 1, 1987, Alfred Shure died suddenly of a heart attack and Mrs. Shure became the new president of Sure Snap Corporation. Within several days, State Street froze all Sure Snap accounts. According to Mrs. Shure, improper actions by State Street Bank forced Sure Snap Corporation into bankruptcy.
Sure Snap Corporation filed for Chapter 11 bankruptcy protection in March of 1987. While the bankruptcy proceedings were pending, Mrs. Shure met with attorney Scott L. Baena ("Baena") and the law firm in which he was a partner, Stroock & Stroock & Lavan (the "law firm"), for the purposes of *48 initiating a lawsuit against State Street Bank. The law firm agreed to represent Mrs. Shure on a contingency basis, and to assert, on her behalf, a cause of action for "lender liability" against the bank. The law firm, however, alleges that it entered into the contingency agreement as a result of Mrs. Shure's failure to disclose key facts, which undermined the strength of her lender liability claim, during her meetings with Baena.
Sure Snap was confirmed out of bankruptcy in 1988. Ten months later, the law firm filed a complaint against State Street Bank alleging lender liability in the United States District Court for the Southern District of Florida. The case was moved to a United States District Court in Vermont. The action was dismissed in 1988 by the court in Vermont on the grounds that it was barred by the doctrine of res judicata. The court reasoned that Mrs. Shure failed to preserve her claim against the bank during the Chapter 11 bankruptcy proceeding, and any right to bring such a claim was thereby waived. On appeal, the Second Circuit adopted the reasoning of the District Court and affirmed its ruling.
The law firm assigned its rights to fees to Baena and Baena sued both Mrs. Shure and Sure Snap Corporation for attorney's fees. Mrs. Shure and Sure Snap filed a counterclaim against Baena for malpractice. Mrs. Shure and Sure Snap also filed a third party Complaint against the law firm for malpractice. The alleged basis for the malpractice claims was that Baena and the law firm failed to timely preserve their former client's right to a claim of lender liability in the bankruptcy court and, as a consequence, the claim for lender liability was barred by res judicata.
At trial, Mrs. Shure presented expert testimony that the lender liability claim which was precluded by the law firm's alleged malpractice would have been worth $2.6 million in damages. The jury found that Baena and the law firm were at fault in failing to preserve the lender liability claims. However, the jury also determined that Mrs. Shure and Sure Snap Corporation suffered no damage as a result of the actions of Baena and the law firm. Specifically, the jury's verdict form reflects that Elaine Shure and Sure Snap Corporation's underlying claims against State Street Bank would not have been successful. Consequently, the jury awarded no damages to Mrs. Shure and Sure Snap on their claims for malpractice. The trial court entered Final Judgments as follows: (1) a Final Judgment was entered in favor of Baena as to Baena's claim against Sure Snap Corporation on his attorney fee claims and for costs in the amount of $32,904.81, (2) a Final Judgment was entered in favor of Mrs. Shure as to Baena's claim against Mrs. Shure, for fees and costs, (3) as to the Counterclaim, a Final Judgment for costs was entered in favor of Mrs. Shure and Sure Snap Corporation, and they were awarded costs in the amount of $151,740.85, because the trial court ruled that they were the prevailing parties in their malpractice claims against Baena and the law firm.[1]
All parties initiated appeals and they have been consolidated here. Mrs. Shure argues on appeal that it was error for the jury to fail to award her damages where the jury found that Baena and the law firm were at fault for failing to preserve the lender liability claims. Baena and the law firm argue in their crossappeal that it was error for the trial court to characterize Mrs. Shure and Sure Snap Corporation as the prevailing parties when the jury awarded no damages on the malpractice claims and, furthermore, found that Shure and the Corporation would not have prevailed in such litigation.
For the following reasons, we affirm on the main appeal and reverse on the cross-appeal. Although the jury found that Baena and the law firm acted improperly in failing to preserve the civil suit, the jury also found that Mrs. Shure and Sure Snap Corporation would not have been successful in the underlying civil suit. It is well settled that "[a] cause of action for legal malpractice has three elements: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) the attorney's negligence resulted in and was the proximate cause of loss to the client." Bolves v. Hullinger, 629 *49 So.2d 198, 200 (Fla. 5th DCA 1993) (citation omitted); see Ginsberg v. Chastain, 501 So.2d 27 (Fla. 3d DCA 1986); Lorraine v. Grover, Ciment, Weinstein & Stauber, P.A., 467 So.2d 315 (Fla. 3d DCA 1985); Houston v. Surrett, 222 Ga.App. 207, 474 S.E.2d 39 (1996); Perry v. Ossick, 220 Ga.App. 26, 467 S.E.2d 604 (1996). The third element regarding the loss to the client is not satisfied unless the plaintiff demonstrates that there is an amount of damages which the client would have recovered but for the attorney's negligence. See Chipman v. Chonin, 597 So.2d 363 (Fla. 3d DCA 1992); Davenport v. Stone, 528 So.2d 45 (Fla. 3d DCA 1988); Kay v. Bricker, 485 So.2d 486 (Fla. 3d DCA 1986).
Accordingly, even though the jury found that Baena and the law firm were at fault for failing to preserve the underlying claims, they are not legally and/or financially liable to Mrs. Shure, since their alleged inaction did not cause any injury to Mrs. Shure. Our holding is based upon the jury's finding that even if the underlying lender liability claim had proceeded to trial, Mrs. Shure and Sure Snap Corporation would not have prevailed. Mrs. Shure and Sure Snap Corporation failed to show that Baena and the law firm were the proximate cause of any loss to the client. See Bolves, 629 So.2d at 200. They therefore did not satisfy the elements required of a valid claim for legal malpractice and cannot be said to have "prevailed" in an action for malpractice. As a result, it is clear that Baena and the law firm were the prevailing parties in the counter-claim and third party claim wherein the Appellants alleged legal malpractice.
We affirm the award of no damages to the Appellants. The Final Judgment, which awards costs in favor of Mrs. Shure as the prevailing party on her claim of malpractice, must be reversed and this case is remanded to the trial court with directions to enter a judgment finding Baena and the law firm to be the prevailing parties in the counter-claim and third party claim for malpractice.
Affirmed in part, and reversed and remanded in part.
NOTES
[1] A final cost judgment in the amount of $204.00 was entered in favor of Mrs. Shure on Baena's suit for fees. That final cost judgment is undisturbed by this appeal.