807 So.2d 736 (2002)
ESTATE OF Bryan CORT, Appellant,
v.
BROWARD COUNTY SHERIFF and Allstate Settlement Corporation, Appellees.
No. 4D00-3883.
District Court of Appeal of Florida, Fourth District.
February 13, 2002.
*737 Russell S. Bohn of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and Paul D. Mark Lucas and Thomas E. Weiksnar of Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando, Stuart, for appellant.
Robert C. Grady of Katz, Barron, Squitero & Faust, P.A., Fort Lauderdale, for appellee Allstate Settlement Corp.
STEVENSON, J.
The Estate of Bryan Cort (Cort) appeals the trial court's decision to uphold a settlement agreement between Bryan Cort and the Office of the Broward County Sheriff. Allstate Settlement Corporation (Allstate) intervened in the trial below and now cross-appeals, challenging the constitutionality of section 57.071(2), Florida Statutes (1999), and in particular, its prerequisite that expert witness fees not be awarded as taxable costs unless a written report has been furnished to the opposing party prior to the deposition of the expert. We affirm the main appeal without discussion but write to address the issue raised in Allstate's cross-appeal.

The cross-appeal
Allstate filed a motion to tax costs based on the court's entering final judgment in its favor with regard to the issues on enforcement of the structured settlement agreement. Included in the motion were expert witness fees incurred by Allstate in retaining Robert A. Stone, C.P.A., of Kaufman & Rossin, P.A. Stone provided deposition testimony of his opinions, including the factual basis, the documentary evidence, and the authorities relied upon in reaching the opinions. The trial court, however, denied Allstate's Motion to Tax Costs as to Stone's expert fee due to Allstate's failure to provide a written report to Cort's counsel at least five days prior to his deposition, as required by section 57.071(2), Florida Statutes.[1]

*738 The procedural nature of section 57.071(2)
We agree with Allstate's argument that section 57.071(2) is unconstitutional because, through it, the legislature creates or modifies a procedural rule of court:
A rule of procedure prescribes the method or order by which a party enforces substantive rights or obtains redress for their invasion. Substantive law creates those rights. Practice and procedure are the machinery of the judicial process as opposed to the product thereof.
Military Park Fire Control Tax Dist. No. 4 v. DeMarois, 407 So.2d 1020, 1021 (Fla. 4th DCA 1981). In DeMarois, this court found section 447.504(5), Florida Statutes (1979), unconstitutional. See id. at 1021. Section 447.504(5) provided that appeals from certain orders of the Public Employees Relations Commission would be "expedited" in the appellate court and given "priority" over other civil matters. This court concluded that there was "no doubt that a rule creating priorities among types of civil matters being processed by the state courts is procedural rather than substantive." DeMarois, 407 So.2d at 1021.
More specifically, we find Allstate's reliance on Knealing v. Puleo, 675 So.2d 593 (Fla.1996), persuasive. In Knealing, the supreme court found section 44.102(6)(b), Florida Statutes (1993), which allows a party to make an offer of judgment after mediation ends, unconstitutional. See id. at 596. The court found that the statute did not expressly authorize an award of fees nor did it provide any other independent basis for awarding fees. See id. The court stated "[r]ather than providing for an award of fees, section 44.102(6) alters the time limits for making and accepting an offer of judgment." Id. Therefore, in finding the statute unconstitutional, the Knealing court was persuaded by section 44.102(6)'s failure to "create" a substantive right since section 768.79, Florida Statutes, already created the substantive right to attorney's fees based on an offer of judgment. Likewise, here, section 57.071(2) does not create a right to recover expert witness fees, but rather sets forth the procedure for recovering under that right.
Moreover, in Knealing, the supreme court noted that in Leapai v. Milton, 595 So.2d 12 (Fla.1992), and Timmons v. Combs, 608 So.2d 1 (Fla.1992),
[W]e found sections 45.061, Florida Statutes (1987), and 768.79, Florida Statutes (1989), constitutional despite their procedural aspects because they contained substantive provisions authorizing an award of attorney fees.
675 So.2d at 596 (footnote omitted). The court held that it could not apply that reasoning to section 44.102(6) because of its purely procedural nature. See id. We recognize that the substantive right for recovery of an expert witness fee as a taxable cost finds its basis in statutory law and has existed since at least 1949. See § 90.231, Fla. Stat. (1949); § 92.231, Fla. Stat. (2000). Nevertheless, due to the purely procedural nature of section 57.071(2), we are compelled to find that it intrudes upon the powers of the judiciary, through the Florida Supreme Court, to determine matters of practice and procedure before the Florida courts. See Art. V, § 2(a), Fla. Const.
"On October 28, 1981, the Florida Supreme Court issued an administrative order entitled In re: Statewide Uniform Guidelines for Taxation of Costs in Civil Actions...." Reeser v. Boats Unlimited, Inc., 432 So.2d 1346, 1349 n. 2 (Fla. 4th DCA 1983). These uniform guidelines, adopted by the Florida Conference of Circuit Judges and published by the Florida Supreme Court, discuss at length the taxation of costs for expert witness fees and set forth no deadlines or requirements *739 such as those contained in section 57.071(2). Moreover, Florida Rule of Civil Procedure 1.280(b)(4)(A) outlines the procedures for discovery of facts and opinions held by experts. There, no mention is made of having to file a report by the expert twenty days prior to the end of discovery or five days prior to the deposition of the expert.
We note that the legislature has graciously requested that the requirements of section 57.071(2) be adopted by supreme court rule in the event that any court of competent jurisdiction were to find the provision unconstitutional.[2] This opinion holding the statute invalid will give our supreme court jurisdiction to review our decision and consider that request. See Art. V, § 3(b)(1), Fla. Const.
Based on the foregoing, we reverse the order denying fees. We remand this case to the trial court with directions that Allstate be allowed to recover its expert fee. We note that the parties did not dispute the $9,435.00 fee amount charged by Kaufman & Rossin.
REVERSED IN PART and REMANDED.
POLEN, C.J., and KLEIN, J., concur.
NOTES
[1] Section 57.071(2) provides:

Expert witness fees may not be awarded as taxable costs unless the party retaining the expert witness furnishes each opposing party with a written report signed by the expert witness which summarizes the expert witness's opinions and the factual basis of the opinions, including documentary evidence and the authorities relied upon in reaching the opinions. Such report shall be filed at least 5 days prior to the deposition of the expert or at least 20 days prior to discovery cutoff, whichever is sooner, or as otherwise determined by the court. This subsection does not apply to any action proceeding under the Florida Family Law Rules of Procedure.
[2] The note accompanying section 57.071 states:

Section 34, ch. 99-225, provides that "[i]t is the intent of this act and the Legislature to accord the utmost comity and respect to the constitutional prerogatives of Florida's judiciary, and nothing in this act should be construed as any effort to impinge upon those prerogatives. To that end, should any court of competent jurisdiction enter a final judgment concluding or declaring that any provision of this act improperly encroaches upon the authority of the Florida Supreme Court to determine the rules of practice and procedure in Florida courts, the Legislature hereby declares its intent that any such provision be construed as a request for rule change pursuant to s. 2, Art. 5 of the State Constitution and not as a mandatory legislative directive."