861 So.2d 82 (2003)
Robert CHEETHAM, etc., et al., Appellants,
v.
John BRICKMAN a/k/a Jack Brickman, Appellee.
No. 3D03-224.
District Court of Appeal of Florida, Third District.
November 12, 2003.
Rehearing Denied December 10, 2003.
Rosenthal Rosenthal Rasco and Eduardo I. Rasco, Aventura and Jessica B. Lassman, for appellants.
Judith H. Hayes, Miami, for appellee.
Before SCHWARTZ, C.J., and GREEN, and WELLS, JJ.
WELLS, Judge.
Robert Cheetham, the defendant below, appeals an order awarding attorney's fees *83 under section 57.105, Florida Statutes (2002) and costs to the plaintiff, John Brickman. We reverse.
Brickman filed a claim against Cheetham for breach of fiduciary duty based solely on allegations that Cheetham had sold Brickman's interest in a tract of land without prior notice to Brickman and for an amount "substantially under the market value of the said real property."[1] Following a non-jury trial, final judgment was entered in Cheetham's favor upon a finding that Cheetham had "obtained a price which ... was higher than the fair market value of the land, and therefore maximized the proceeds to BRICKMAN." The trial court nevertheless awarded 57.105 attorney's fees and costs to Brickman on the ground that Cheetham had indefensibly failed to turn over the sale proceeds until after initiation of the lawsuit.[2]
We reverse the fee award because the distribution of sale proceeds was never the subject of either a claim or a defense in this action at any time, nor was this issue tried below. § 57.105(1), Fla. Stat. (2002)(authorizing awards of attorney's fees to parties prevailing on "any claim or defense" unsupported by fact or law). There also is no evidence that Cheetham took any action "primarily for the purpose of unreasonable delay" within the meaning of section 57.105(3) of the Florida Statutes.
We also reverse the award of costs. The law is clear that only a prevailing party who recovers a judgment is entitled to recover costs under section 57.041, Florida Statutes (2002). See Arellano v. Bisson, 761 So.2d 365, 366 (Fla. 3d DCA 2000); Fernandez v. Hendry Tractor Co., 406 So.2d 1213, 1214 (Fla. 3d DCA 1981).
Finally, a fee award to Cheetham was rejected below on the finding that Cheetham had failed to pay sales proceeds to Brickman until after suit had been filed, thereby entitling Brickman rather than Cheetham to a fee awarda determination that we reverse here. We therefore remand for entry of a fee award to Cheetham on his offer of judgment.
Reversed and remanded.
NOTES
[1] Brickman also alleged that Cheetham had collected sums for allowing a third person to place fill on the property and that Cheetham had borrowed $5,000 from Brickman that had never been repaid. These two claims were involuntarily dismissed following trial.
[2] The trial court awarded the fees under the current version of the statute, which provides:

(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fees to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
...
§ 57.105, Fla. Stat. (2002). Even if the former version of statute were applicable here, see Mullins v. Kennelly, 847 So.2d 1151 (Fla. 5th DCA 2003), the award of fees in this case would have been equally inappropriate.