953 So.2d 599 (2007)
Gary MASSEY, Appellant,
v.
Calvin F. DAVID, Appellee.
No. 1D06-3657.
District Court of Appeal of Florida, First District.
March 12, 2007.
Rehearing Denied April 11, 2007.
*601 Joseph W. Little, Gainesville, and Robert C. Widman, Venice, for Appellant.
John A. DeVault, III, and Courtney K. Grimm of Bedell, Dittmar, DeVault, Pillans & Coxe, P.A., Jacksonville, and John H. Pelzer of Ruden, McClosky, Smith, Schuster & Russell, P.A., Ft. Lauderdale, for Appellee.
PER CURIAM.
Gary Massey appeals a final judgment assessing costs in favor of appellee, Calvin F. David. Massey raises three points on appeal: (1) the trial court erred in awarding David costs for expert witnesses that were not authorized by section 57.071, Florida Statutes; (2) the trial court erred in the amount of costs it awarded David for four expert witnesses; and (3) the court erred when it did not enter judgment for Massey following the first phase of the trial and award him costs and fees in connection with that phase. As we explain below, none of these points has merit. Accordingly, we affirm the judgment on appeal.
Before addressing the points on appeal, we note some aspects of the procedural history of this case. The main case is a legal malpractice action arising out of a toxic tort case initiated by Massey in 1991 and for which David provided legal representation to Massey. A previous opinion from this court provides additional details concerning the main case. See Massey v. David, 831 So.2d 226 (Fla. 1st DCA 2002). The trial court bifurcated the legal malpractice case, with a Phase I trial on the issue of negligence/liability and a Phase II trial on the issue of damages. In the Phase I trial, the jury found negligence on the part of David that caused damage to Massey. In the Phase II trial, however, the jury awarded no damages to Massey. Massey appealed and this court per curiam affirmed the defense judgment. See Massey v. David, No. 1D06-627, 952 So.2d 1195 (Fla. 1st DCA Feb. 15, 2007).
The trial court rendered a separate judgment awarding David costs which we address in this appeal.[*] In his first argument, Massey contends the trial court erred in entering a final judgment "predicated in part on the proposition that § 57.071(2) Fla. Stat. was unconstitutionally enacted in violation of the Florida Supreme Court's Article V § 2(a) exclusive powers." Initial Br., at 6-7 (footnote omitted). Section 57.071(2), Florida Statutes, provides:
Expert witness fees may not be awarded as taxable costs unless the party retaining the expert witness furnishes each opposing party with a written report signed by the expert witness which summarizes the expert witness's opinions and the factual basis of the opinions, including documentary evidence and the authorities relied upon in reaching the opinions. Such report shall be filed at *602 least 5 days prior to the deposition of the expert or at least 20 days prior to discovery cutoff, whichever is sooner, or as otherwise determined by the court. This subsection does not apply to any action proceeding under the Florida Family Law Rules of Procedure.
§ 57.071(2), Fla. Stat. (1999). Massey mentioned the statute in his written objections, conceding that the trial court had to follow the decision in Estate of Cort v. Broward County Sheriff, 807 So.2d 736 (Fla. 4th DCA 2002), which held the statute unconstitutional. Nothing, however, indicates the trial court specifically considered this statute in awarding costs to David. At no point during the hearing or in the order on appeal did the trial court mention Cort or section 57.071(2); nor did the court make any findings relating to the provisions of the statute, such as the furnishing of written reports to the opposing party, the filing of such reports, and the timing of such filings.
Assuming the trial court did consider Cort, the trial court did not err in following that decision as it stands as the only appellate decision addressing this issue. See, e.g., Mercury Ins. Co. of Fla. v. Coatney, 910 So.2d 925, 926 (Fla. 1st DCA 2005) ("In the absence of a supreme court decision on point, the trial court is bound to follow decisions of the district courts of appeal, and where there is no decision on point from the district court for the subject circuit, the trial court is bound to follow precedents of other district courts of appeal."), review denied, 924 So.2d 809 (Fla.2006). Further, from our review, the Fourth District correctly found the statute an unconstitutional intrusion on "the powers of the judiciary, through the Florida Supreme Court, to determine matters of practice and procedure before the Florida Courts." Cort, 807 So.2d at 738; see Art. V, § 2(a), Fla. Const. ("The supreme court shall adopt rules for the practice and procedure in all courts. . . ."). As the Fourth District explained, "section 57.071(2) does not create a right to recover expert witness fees, but rather sets forth the procedure for recovering under that right." Cort, 807 So.2d at 738.
Moreover, even if, as urged by Massey, the statute is substantive, it still would not apply in this case. The disputed section was added in 1999, effective October 1999, well after the cause of action in this case arose. See Ch. 99-225, § 5, at 1407 (providing substance of amendment), § 36, at 1428 (providing effective date), Laws of Fla. Cf. § 57.071, Fla. Stat. (1997) ("If costs are awarded to any party the following shall also be allowed: (1) The reasonable premiums or expenses paid on all bonds or other security furnished by such party. (2) The expense of the court reporter for per diem, transcribing proceedings and depositions, including opening statements and arguments by counsel. (3) Any sales or use tax due on legal services provided to such party, notwithstanding any other provision of law to the contrary.").
A substantive statute is presumed to operate prospectively rather than retrospectively unless the Legislature clearly expresses its intent that the statute is to operate retrospectively. This is especially true when retrospective operation of a law would impair or destroy existing rights. Procedural or remedial statutes, on the other hand, are to be applied retrospectively and are to be applied to pending cases. . . . [S]ubstantive law prescribes duties and rights and procedural law concerns the means and methods to apply and enforce those duties and rights.
Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1358 (Fla.1994) (citations omitted); see also, e.g., Young v. Altenhaus, *603 472 So.2d 1152, 1154 (Fla.1985) ("In Florida, it is clear that in the absence of an explicit legislative expression to the contrary, a substantive law is to be construed as having prospective effect only. This rule mandates that statutes that interfere with vested rights will not be given retroactive effect. On the other hand, statutes which relate only to the procedure or remedy are generally held applicable to all pending cases." (citations omitted)).
In his second point, Massey argues the trial court erred in the amount of costs awarded for David's Phase II trial expert witnesses Dr. Philip Guzelian, Dr. Robert Laureno, John Spencer, and Donald Wiggins. "An order granting or denying attorney's fees and costs is reviewed on the abuse of discretion standard." E & A Produce Corp. v. Superior Garlic Int'l, Inc., 864 So.2d 449 (Fla. 3d DCA 2003); see also, e.g., Durrance v. Sanders, 329 So.2d 26, 30 (Fla. 1st DCA 1976) ("In taxing costs, a trial court has wide discretion."). Massey has not shown that the court abused its discretion in awarding the costs at issue.
In his third point, Massey argues the trial court should have entered judgment for him following the Phase I trial, in which he prevailed, and pursuant to such judgment, awarded him fees and costs for the Phase I trial. The panel considering the main appeal in this case essentially decided this issue when it affirmed the judgment for David. Furthermore, the Third District's decision in Sure Snap Corp. v. Baena, 705 So.2d 46 (Fla. 3d DCA 1997), is on point. That decision, like this case, involved a legal malpractice action. See 705 So.2d at 47-48. The jury found the attorney and law firm at fault, but also determined the client suffered no damage as a result of the actions of the attorney and the firm. See id. at 48. The trial court entered a final judgment for costs in favor of the client because the court determined the client was the prevailing party in the malpractice claim. See id. On appeal, the Third District reversed on this issue:
Although the jury found that [the attorney] and the law firm acted improperly in failing to preserve the civil suit, the jury also found that [the client] would not have been successful in the underlying civil suit. It is well settled that "[a] cause of action for legal malpractice has three elements: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) the attorney's negligence resulted in and was the proximate cause of loss to the client." The third element regarding the loss to the client is not satisfied unless the plaintiff demonstrates that there is an amount of damages which the client would have recovered but for the attorney's negligence.

Accordingly, even though the jury found that [the attorney] and the law firm were at fault for failing to preserve the underlying claims, they are not legally and/or financially liable to [the client], since their alleged inaction did not cause any injury to [the client].
Id. at 48-49 (citations omitted; underline emphasis added). Thus, Sure Snap involves virtually the same general factual scenario as this case and, accordingly, the same reasoning applies. As in Sure Snap, the jury (in Phase II) ultimately returned a verdict awarding no damages. Therefore, Massey did not satisfy the third element of the legal malpractice claim David's actions did not cause Massey to suffer any injury. Accordingly, the court properly entered a final judgment in favor of David at the conclusion of the proceeding, and Massey was not entitled to costs. See § 57.041(1), Fla. Stat. (1997) ("The party recovering judgment shall recover *604 all his or her legal costs and charges which shall be included in the judgment. . . ."); see also, e.g., Cheetham v. Brickman, 861 So.2d 82, 83 (Fla. 3d DCA 2003) ("The law is clear that only a prevailing party who recovers a judgment is entitled to recover costs under section 57.041."); Tacher v. Mathews, 845 So.2d 332, 334 (Fla. 3d DCA 2003) ("Section 57.041 mandates that a party recovering a judgment is entitled as a matter of right, to recover lawful court costs. . . . Judgment is defined as `[a] determination of a court of law; a judicial decision.'"); Figliolia v. Butler, 757 So.2d 1269, 1270 (Fla. 4th DCA 2000) ("According to section 57.041(1) of the Florida Statutes (1997), `[t]he party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment.' Since the final judgment awarded Butler $0, she did not recover judgment. Because Butler did not recover judgment in this case, we hold the trial court erred in awarding her costs." (citation omitted)).
Based on the foregoing, we AFFIRM the final judgment assessing costs.
ALLEN, KAHN, and DAVIS, JJ., concur.
NOTES
[*] Separate costs judgments are regularly appealable as final judgments. See, e.g., Dudley v. McCormick, 799 So.2d 436 (Fla. 1st DCA 2001) (affirming award of costs under section 57.041 and indicating separate judgment had awarded costs and defense judgment in "main" case previously appealed and affirmed); Danner Constr. Co. v. Reynolds Metals Co., 760 So.2d 199 (Fla. 2d DCA 2000) (reversing denial of costs, noting that amended final judgment in defendant's favor was affirmed in separate appeal, and finding defendant entitled to costs as prevailing party pursuant to section 57.041).