# Third District Court of Appeal

## State of Florida

Opinion filed November 29, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-123
Lower Tribunal No. 14-23500
_____

## Jason Weisser, Esq., et al., and Paulo Vasallo,
Appellants,

vs.

## Richard Dolan, Esq., et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Freeborn and Peters LLP, and Lawrence P. Ingram and Robert Stines (Tampa), for appellants Jason Weisser, Esq., et al.; Wasson & Associates, Chartered, and Roy D. Wasson, for appellant Paulo Vasallo.

Klein Glasser Park & Lowe, P.L., and Robert M. Klein, Andrew M. Feldman, and Alex A. Diaz for appellees.

Before ROTHENBERG, C.J., and FERNANDEZ and LUCK, JJ.

ROTHENBERG, C.J.

In this legal malpractice case, defendants Jason Weisser, Esq., and Schuler, Halvorson, Weisser, Zoeller, and Overbeck, P.A. (collectively, "the Shuler Defendants"), and the plaintiff below, Paulo Vasallo ("Vasallo"), appeal a final summary judgment entered in favor of defendants Richard Dolan, Esq. ("Mr. Dolan"), and other associated defendants (collectively, "the Dolan Defendants"). Because the undisputed material facts entitled the Dolan Defendants to a judgment as a matter of law, we find that the trial court properly entered final summary judgment in favor of the Dolan Defendants, and thus, we affirm.

**Background**

Vasallo fell while pressure washing a roof in San Juan, Puerto Rico, on October 4, 2011, rendering him a paraplegic. Vasallo retained the Dolan Defendants on August 8, 2012 to pursue his personal injury action against the homeowners. Mr. Dolan sent a letter to the homeowners' insurance company on September 11, 2012, stating that he represented Vasallo in connection with a claim for personal injuries and requested information relating to the homeowners' insurance policy. Mr. Dolan sent two similar letters on November 15, 2012 and April 11, 2013.

On January 10, 2014, over two years after the accident, Mr. Dolan sent a letter to Vasallo informing him that: (1) the Dolan Defendants would no longer represent him; (2) the Dolan Defendants learned in September 2013, that Puerto

Rico had a one-year personal injury statute of limitations;[1] and (3) Vasallo should seek legal advice from another attorney.

After terminating his representation of Vasallo, Mr. Dolan received a letter from the Schuler Defendants on January 29, 2014, informing him that Vasallo had retained the Schuler Defendants to file a legal malpractice claim against the Dolan Defendants.[2] On June 18, 2014, the Schuler Defendants, however, sent a letter to Vasallo informing him that the Schuler Defendants would not pursue a legal malpractice action against the Dolan Defendants because there was no evidence of a viable negligence claim against the homeowners, and thus, the Shuler defendants were terminating their representation of Vasallo.

Thereafter, Vasallo hired new counsel and filed a legal malpractice suit against the Dolan Defendants for negligently permitting the statute of limitations on his personal injury action in Puerto Rico to lapse. The Dolan Defendants moved for summary judgment, arguing that, as a matter of law, they did not cause any of Vasallo's damages because, as a result of the letters Mr. Dolan had sent to the homeowners' insurer, the statute of limitations had been tolled and had not run during their representation of Vasallo. The Dolan Defendants relied on the following tolling provision under Puerto Rican law: "Prescription of actions is

---

[1] See P.R. Laws Ann. tit. 31, § 5298(2) (2011).

[2] It is disputed whether the scope of the Schuler Defendants' representation of Vasallo also included investigation of Vasallo's personal injury action in Puerto Rico.

3

interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." P.R. Laws Ann. tit. 31, § 5303 (2011). Based on this tolling provision, the Dolan Defendants argued that Mr. Dolan's initial September 11, 2012 letter to the homeowners' insurance company constituted an extrajudicial claim, which tolled the one-year statute of limitations for an additional year, and the subsequent letters further tolled the statute of limitations until April 11, 2014.

After the Dolan Defendants moved for summary judgment, Vasallo amended his complaint to add the Schuler Defendants and to assert a claim against them for legal malpractice. Thereafter, the Schuler Defendants filed a memorandum in opposition to the Dolan Defendants' motion for summary judgment and a cross-motion for summary judgment as to Vasallo's legal malpractice claim against the Schuler Defendants.

After conducting a hearing, the trial court found that the initial September 11, 2012 letter sent by Mr. Dolan constituted an extrajudicial claim, tolling the one-year statute of limitations. In reaching this conclusion, the trial court specifically relied on Sánchez Montalvo v. Autoridad de los Puertos, 153 D.P.R. 559 (P.R. Offic. Trans. 2001). In Sánchez Montalvo, an injured claimant's lawyer sent a letter to a putative defendant's liability insurer, which the Puerto Rico Supreme Court found put the insured on notice of a potential claim and

4

extrajudicially tolled the one-year statute of limitations period. Id. at 571. The trial court determined that Mr. Dolan's letter was sufficiently similar to the letter sent in Sánchez Montalvo, and therefore, entered final summary judgment in favor of the Dolan Defendants. This appeal followed.

**Analysis**

This Court reviews summary judgment orders de novo, and summary judgment is only appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000).

It is well settled that a cause of action for legal malpractice has three elements: "(1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) the attorney's negligence resulted in and was the proximate cause of the loss to the client." Sure Snap Corp. v. Baena, 705 So. 2d 46, 48 (Fla. 3d DCA 1997). A lawyer owes a duty to a client to "exercise the degree of reasonable knowledge and skill which lawyers of ordinary ability and skill possess and exercise." Home Furniture Depot, Inc. v. Entevor AB, 753 So. 2d 653, 655 (Fla. 4th DCA 2000). In this case, Vasallo alleged that the Dolan Defendants were negligent in their representation by permitting the one-year statute of limitation to lapse, and that the Dolan Defendants' negligence resulted in and was the proximate cause of the harm he suffered because he lost his right to

5

file a personal injury claim against the homeowners in Puerto Rico. However, as a matter of law, the Dolan Defendants did not permit the statute of limitations to lapse.

We conclude that the trial court correctly determined that Mr. Dolan's initial September 11, 2012 letter to the homeowners' insurer constituted an extrajudicial claim, thereby tolling the statute of limitations, and that the subsequent letters further tolled the statute of limitations until after the Dolan Defendants' withdrawal from their representation of Vasallo. In Galib Frangie v. El Vocero de P.R., 138 D.P.R. 560, 567 (P.R. Offic. Trans. 1995), the Puerto Rico Supreme Court held that "[t]he tolling requirements for an extrajudicial claim are: (a) *opportunity or timeliness*, which requires that the action be filed before the limitation period runs out; (b) *standing*, is what gives a party the right to file an action; (c) *identity*, means that the action must exactly correspond to the right affected by the statute of limitations; and (d) *fitness* of the means employed."

In Sánchez Montalvo, the Puerto Rico Supreme Court found that all of the requirements of an extrajudicial act had been met for the letter to the defendant's liability insurer because the claimant's counsel informed the insurer: (1) that he represented the plaintiff; (2) that the plaintiff had suffered an accident on the premises; (3) of the date of the incident; and (4) that the plaintiff was receiving treatment. Sánchez Montalvo, 153 D.P.R. at 571.

6

In the instant case, based on the trial court's determination that Mr. Dolan's initial September 11, 2012 letter tolled the statute of limitations, and that the subsequent letters further tolled the statute until April 11, 2014, Vasallo still had a viable personal injury claim against the homeowners after the Dolan Defendants withdrew from representation. Thus, even though the Dolan Defendants may not have been aware that they had tolled the statute of limitations in Puerto Rico during their representation of Vasallo, the Dolan Defendants had, in fact, successfully tolled the statute of limitations in Puerto Rico during their representation of Vasallo, and the statute of limitations did not run until three months after their withdrawal from representation.

## Conclusion

Because Vasallo only alleged that the Dolan Defendants were negligent by allowing the statute of limitations to run, we find that the trial court did not err as a matter of law by entering final summary judgment in favor of the Dolan Defendants due to their successful tolling of the statute of limitations prior to their withdrawal as Vasallo's counsel. We, therefore, affirm the trial court's order granting the Dolan Defendants' motion for summary judgment.

Affirmed.