733 So.2d 534 (1998)
Richmond CAPELL, Appellant,
v.
Hubert and Zoe GAMBLE, Appellees.
No. 97-3594.
District Court of Appeal of Florida, First District.
July 29, 1998.
Charles A. Stampelos and Harold R. Mardenborough, Jr. of McFarlain, Wiley, Cassedy & Jones, P.A., Tallahassee, for appellant.
James E. Clayton and Joye M. Clayton of Clayton, Johnston, Quincey, Ireland, Felder, Gadd & Roundtree, P.A., Gainesville, for appellees.
WOLF, Judge.
Appellant, Richard Capell, challenges a final judgment in favor of appellees, Hubert and Zoe Gamble, based upon their complaint that they had sustained damages as a result of appellant's negligent failure to advise them of the need for flood insurance and negligent failure to procure flood insurance for their property. Appellant raises two issues, one of which we find to be dispositive and address herein: Whether the trial court erred in entering judgment in favor of appellees and against appellant where appellant had asserted both at trial and in posttrial proceedings that appellees had failed to present sufficient evidence on the issue of damages incurred by them as a result of appellant's alleged negligence.
In March 1991, appellees purchased a house situated 300 feet from the beach at Dekle Beach in Taylor County with proceeds from a home loan obtained from First Federal Savings Bank of Florida. Appellees did not have an insurance binder or homeowner's policy on the house at the time of closing, but on the afternoon following the closing, appellee Zoe Gamble went to appellant's State Farm Insurance office to advise him of the purchase and to obtain insurance on the house. Appellant had been appellees' primary insurance agent for all manner of both personal and business insurance, except health insurance, for over 20 years. State Farm subsequently issued to appellees a homeowner's insurance policy for the Dekle Beach house. The policy did not provide coverage for damage caused by rising water, i.e., flood insurance.
In April 1992, Mrs. Gamble went to appellant's agency for a "family insurance checkup" at which several of the policies held by her and her husband were reviewed and changed. Among the policies *535 changed was the homeowner's policy on the Dekle Beach house; however, no flood insurance coverage was added to the Dekle Beach house policy at that time.
In March 1993, a storm hit Dekle Beach. Appellees' house and its contents were damaged by wind and rising water. It cost appellees $43,795.62 in materials and labor to repair the house and raise its foundation, and it cost about $19,048.98 to replace the personal property which had been damaged in the house during the storm. A claims adjuster from State Farm assessed the extent of the damage, determined the damage covered by the homeowner's policy in force at the time of the storm, and issued a check in the amount of $5,194.70, representing the amount of damage covered by the policy after subtracting the $1,000 deductible. This adjuster determined that nearly all of the damage caused to the Dekle Beach house and its contents had been from rising water, which was not covered by the policy.
In January 1994, appellees initiated an action against appellant for negligent failure to advise appellees of the need for flood insurance and for negligent failure to procure flood insurance. At trial, there was conflicting evidence concerning appellant's duty to procure flood insurance. It is not necessary for us to discuss the exact nature of that evidence in light of our disposition of this case.
During the trial, appellees did not present a copy of a standard flood insurance policy (if one exists) or expert testimony as to what would be covered under a standard flood insurance policy; further, appellees made no attempt to show what policy would have been obtained for them by appellant.[1] The only evidence presented by appellees concerned the amount of damages sustained which were not covered by their homeowner's policy and the amount of flood insurance required by their loan commitment.
The measure of damages in a negligent procurement of insurance case is what would have been covered had the insurance been properly obtained. See, e.g., Commercial Ins. Consultants, Inc. v. Frenz Enterprises, Inc., 696 So.2d 871, 873 (Fla. 5th DCA 1997); Adams v. Aetna Cas. & Sur. Co., 574 So.2d 1142, 1156 (Fla. 1st DCA), rev. dismissed, 581 So.2d 1307 (Fla. 1991); Glades Oil Co. v. R.A.I. Mgmt., Inc., 510 So.2d 1193, 1194-95 (Fla. 4th DCA 1987); D.R. Mead & Co. v. Cheshire of Florida, Inc., 489 So.2d 830, 831 (Fla. 3d DCA 1986); Klonis v. Armstrong, 436 So.2d 213, 216 (Fla. 1st DCA 1983), rev. denied, 449 So.2d 264 (Fla.1984).
Neither the amount of damages caused by the flooding, nor the required amount of flood insurance under the loan commitment would necessarily reflect what items actually would have been covered if flood insurance had been obtained. We, therefore, find that the element of damages was not proven, and we reverse and direct that a judgment be entered in favor of appellant.
MINER and DAVIS, JJ., concur.
NOTES
[1] For instance, if this agency always obtains the same policy when requested to do so by clients, such a policy may have been admissible to show the extent of recoverable damages.