PER CURIAM.'
Leon Mondesir appeals the entry of final judgment in favor of appellee Pierre Del-va. We affirm.
In 1993, Delva established One Stop Mini Market in Miami-Dade County, Florida, designed to sell a variety of products. Mondesir, as well as Jose Rojas, are licensed insurance agents. On or about September, 1994, Delva procured Monde-sir to provide a liability policy for his business for protection against damage from fire and flood. Aires Insurance Company, through Salem Discount Insurance Agency, issued Mondesir a general liability policy for $300,000.00 on October 25, 1994. The policy excluded coverage for property damage.
On November 19, 1994, a fire occurred at Delva’s business which destroyed inventory, stock, and business records. Delva prepared a detailed inventory list of the business contents at the time of the fire. He estimated that the total price of the' items destroyed was $140,088.72 and the value of the equipment loss was $28,570.00. He thereafter filed his claim for loss with Salem. Salem subsequently informed Del-va that the loss sustained by the business was not a covered loss within the meaning of the policy.
On June 15, 1998, Delva sued Aires for professional negligence and breach of contract, and sued Salem, Mondesir, and Rojas for professional negligence. He subsequently amended his complaint and alleged negligent procurement of the insurance policy as to all of the defendants and vicarious liability as to Aires.
*189 At trial, Delva testified that he had requested that Mondesir procure $350,000.00 worth of insurance for the business contents and that Mondesir had told him that the insurance to cover his inventory and equipment had been obtained. Mondesir did not appear at trial. Delva also testified that his total loss was $140,088.72. At the close of the trial, the trial court granted Delva’s motion for judgment against Mondesir and Salem on the issue of liability. The trial court then granted Delva’s motion for default against Mondesir and Salem, and also granted Aires’ motion for directed verdict as to Delva’s failure to prove damages.
The jury subsequently returned a verdict in Delva’s favor and awarded him $140,882.72 in damages. On the issue of damages, the jury found that Salem was responsible for 75% of the damages and Mondesir was responsible for 25%. The trial court entered judgment in Delva’s favor against Mondesir and Salem in the sum of $244,839.00 holding each responsible for 100% of the damages.
The measure of damages in a negligent procurement of insurance case is what would have been covered had the insurance been properly obtained. See Capell v. Gamble, 733 So.2d 534 (Fla. 1st DCA 1998). In Capell, the homeowners sued their insurance agent for failure to advise of the need for flood insurance and for negligent failure to procure flood insurance. At trial, the homeowners did not present any evidence whatsoever as to what would have been covered under the flood insurance policy nor did the homeowners attempt to show what type of policy the agent would have obtained on their behalf. The trial court accordingly entered judgment in favor of the insurance agent finding that the homeowners failed to prove the element of damages.
We find in this case, however, that the insured proved his measure of damages. At trial, Delva submitted a copy of a certificate of insurance issued by Salem which indicates that the fire damage incurred was included in the $300,000 general liability policy. Delva introduced an inventory list that he prepared after the fire which reflected the loss of fixtures, as well as merchandise. The value of these damages was also uncontradicted. Delva further testified that Mondesir assured him that he had received the desired coverage. There is thus evidence from which a jury could determine Delva’s damages.
Mondesir cannot now rely on any of the defenses available to co-defendant Aires at trial in order to defend his interests because he failed to appear at trial and present the merits of his own defense. See Behar v. Jefferson Nat’l Bank at Sunny Isles, 519 So.2d 641, 643 (Fla. 3d DCA 1987)(“The fact that other defendants may prevail on the merits does not render the default against [another defendant] unjust.”).
We therefore find that the trial court properly entered final judgment based upon the jury’s verdict.