# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case Nos. 5D2024-2352
5D2024-2458
LT Case No. 2021-031544-CICI

_____

BROWN & BROWN OF FLORIDA,
INC.,

    Appellant,

    v.

HOULIGAN'S PUB & CLUB, INC.,
and ORMOND WINE COMPANY,
LLC,

    Appellees.

_____

On appeal from the Circuit Court for Volusia County.
Dennis P. Craig, Judge.

Lawrence P. Ingram, Melissa B. Murphy, and Hoyt L. Prindle, III,
of Porter Wright Morris & Arthur LLP, Tampa, for Appellant.

David A. Vukelja, Ormond Beach, for Appellees.


January 2, 2026


MAKAR, J.

    This case of first impression involves damages from a hurricane that hit the East Coast of Florida almost a decade ago

and the extent to which an insurance broker is responsible for paying for such damages. The jury entered a verdict in favor of the insurance broker on the insured's claim that it was negligent in failing to procure insurance, but it found in favor of the insured on claims of breach of fiduciary duty and negligent misrepresentation. The insurance broker appeals, asserting that the trial court erred in denying its motions for directed verdict on these latter two claims; the insurance broker does not contest it breached its duties on these two claims, only whether the damages awarded are proper. We reverse and remand for a new trial solely on damages, but affirm as to all other issues raised on appeal.

## I.

Brown & Brown of Florida, Inc. (Brown & Brown), an insurance agent and broker, assigned agent Chris Tolland, a specialist in commercial property insurance, to Houligan's Pub & Club, Inc. (Houligan's) and Ormond Wine Company, LLC (Ormond Wine) to procure commercial property insurance sought by the two Ormond Beach restaurants. Tolland met with the president and CEO of Houligan's and Ormond Wine and made representations to him about coverages he would be able to procure. The only insurance he obtained for Houligan's and Ormond Wine was through policies underwritten by Lloyd's of London (Lloyd's).

In October 2016, Hurricane Matthew impacted Ormond Beach. Soon thereafter, sewage entered the restaurant properties through floor drains causing substantial damage. Houligan's and Ormond Wine filed claims under their policy with Lloyd's, but the insurer sought a declaratory judgment that its policy did not provide coverage for these types of damages. Three years later, a detailed final summary judgment in favor of Lloyd's concluded that no coverage existed for the claimed damages.

In December 2021, Houligan's and Ormond Wine filed a three-count complaint (later amended) against Brown & Brown, alleging negligent failure to procure insurance, breach of fiduciary duty, and negligent misrepresentation. After a five-day trial, which included expert testimony from both sides, the jury found in favor of Brown & Brown on the negligent procurement of insurance claim. The jury, however, found that Brown & Brown breached its

2

fiduciary duties and made negligent misrepresentations to Houligan's and Ormond Wine, which resulted in damages; in distributing the percentages of negligence to the parties, the jury found Brown & Brown to be 60 percent negligent and Houligan's and Ormond Wine to be each 40 percent negligent. Houligan's damages were $1,079,000 and Ormond Wine's were $524,186. Final judgments were entered in the amounts of $647,400 for Houligan's and $314,511.60 for Ormond Wine, with both amounts bearing interest at a rate of 9.34% a year.[1]

## II.

The crux of this appeal is whether the trial court erred by refusing to direct a verdict for the insurance broker or to grant it a new trial. The focus is on whether the elements of causation and damages for the breach of fiduciary duty and negligent misrepresentation claims are controlled by the First District's decision in *Capell v. Gamble*, 733 So. 2d 534 (Fla. 1st DCA 1998). On appeal, the insurance broker does not contest that it had a fiduciary duty to the insureds, which it breached; nor does it contest that it made negligent misrepresentations to the insureds (i.e., statements it believed to be true but that it should have known were false). Instead, the limited issue is whether the analysis of *Capell* as to causation and damages for a failure to procure insurance claims should extend to breach of fiduciary duty and negligent misrepresentation claims.

First off, the *Capell* decision dealt only with the "measure of damages in a negligent procurement of insurance." *Capell*, 733 So. 2d at 535. By its terms, *Capell* did not involve the types of claims at issue here, namely breach of fiduciary duty and negligent misrepresentation. As such, the trial court did not err in refusing to apply *Capell* to these claims because that decision was not binding. *See Pardo v. State*, 596 So. 2d 665, 666 (Fla. 1992) (noting that trial courts must apply decisions of district courts of appeal

---

[1] The final judgments were later amended to include the award of prejudgment interest for both Houligan's and Ormond Wine, with Houligan's being awarded an additional $272,465.88 and Ormond Wine an additional $126,460.01.

absent inter-district conflict); *Miccosukee Tribe of Indians v. Lewis Tein, P.L.*, 227 So. 3d 656, 661 (Fla. 3d DCA 2017) ("One of the basic principles of appellate law is that the holding of a decision cannot extend beyond the facts of the case.").

Next is the question of whether the reasoning of *Capell* should apply to these two claims. Three different theories of recovery were pled in this case, each with its own elements and scope of damages. Due to their differences, the jury was required to be instructed in accord with each theory of recovery alleged. In this regard, the sole claim in *Capell* was the narrowest of the three, failure to procure insurance, which the First District held must be supported by evidence or testimony, be it a copy of a standard policy or testimony about such a policy, to support a finding that the element of damages was proven. *See Capell*, 733 So. 2d at 535. The First District pinned its decision on the notion that an insurer cannot be liable for failing to procure insurance that did not exist. *Id.* For this reason, the holding of *Capell* is limited solely to the narrow claim presented, i.e., did the insurer fail to procure a specific insurance policy that existed?

In contrast, breach of fiduciary duty and negligent misrepresentation are potentially broader claims that are not necessarily yoked to the existence of a specific insurance policy. In this regard, Florida law recognizes separate causes of action for breach of fiduciary duty and negligent misrepresentation; each is a distinct theory of recovery. The supreme court has said that the existence of a fiduciary relationship does not prevent a jury "from considering both a breach of fiduciary duty claim and a negligence claim." *Wachovia Ins. Servs., Inc. v. Toomey*, 994 So. 2d 980, 990 (Fla. 2008) ("Under Florida law, negligence claims and breach of fiduciary duty are separate causes of action. Indeed, insurance brokers will often have both a fiduciary duty to their insured-principals *and* a common-law duty to properly procure requested insurance coverage."). For this reason, "negligence and breach of fiduciary duty can be pled in the alternative." *Id.*

Notably, this Court has held that proof of available coverage is not required for claims of breach of fiduciary duty or negligence. In *E&R Environmental Services, LLC v. Sihle Financial Services, Inc.*, the trial court ruled that the unavailability of insurance in

the marketplace defeated these types of claims against the insurer. 396 So. 3d 624, 628 (Fla. 5th DCA 2024). In reversing, this Court held that "even if coverage was not available in the marketplace— as [the insurance broker] maintains—that fact would not necessarily be fatal to [plaintiff's] complaint." *Id.* at 629.

> An insurance agent or broker who agrees or undertakes to procure certain insurance coverage owes his principal a duty to do so within a reasonable time. When the agent fails to do so, even if the agent is not to blame for the failure, he may nevertheless become liable for damages if he fails to inform his principal that the requested insurance has not been procured.
>
> Applying this principle, a reasonable jury could find that even if the insurance [the plaintiff] wanted was unavailable in the marketplace, [the insurance broker] should have timely notified [the plaintiff] so that [the plaintiff] could consider its alternatives.

*Id.* (internal citations omitted). On this basis, this Court concluded that the trial court "erred by concluding that the unavailability of coverage—even if true—was dispositive of E&R's claims." *Id.*

For like reasons, the trial court did not err in declining to instruct the jury, based on *Capell*, that proof of available insurance in the marketplace was required for recovery for breach of fiduciary duty and negligent misrepresentation claims.[2] The decision in *E&R* applies directly to claims for breach of fiduciary duty and no apparent reason exists for not applying it to a negligent misrepresentation claim. It would have been improper, however, to limit Brown & Brown's potential liability under the fiduciary duty and negligent misrepresentation claims to the

---

[2] It was appropriate, however, for the trial court to allow Brown & Brown to argue as a defense to all three claims that it had "procured the insurance coverage specifically requested by Houligan's and Ormond Wine Company." The jury appears to have considered this defense instruction in finding for Brown & Brown on the failure to procure claim.

existence of an insurance policy in the marketplace when a broader measure of damages, if proven, is allowable.[3]

All this said, Brown & Brown persuasively points out that the jury's damage award was largely based on the Lloyd's policy, which had been held in the prior declaratory judgment litigation to not provide coverage to Houligan's or Ormond Wine. That determination was affirmed by this Court. *See Houligan's Pub & Club, Inc. v. Certain Underwriters at Lloyd's, London Subscribing to Pol'y No. W15F03160301*, No. 5D19-3423, 2021 WL 2493292 (Fla. 5th DCA June 15, 2021). As such, it was error to allow the jury to calculate damages based on a policy that this Court has said does not provide coverage. Because this error is not harmless, the appropriate remedy is to remand this matter for a retrial limited solely to damages without reliance on the Lloyd's policy; pre-judgment interest will also have to be recomputed. We affirm as to all other issues.

AFFIRMED in part; REVERSED and REMANDED for a new trial on damages only.

BOATWRIGHT and MACIVER, JJ., concur.

---

[3] The measure of damages for a breach of an insurance contract is generally limited to the loss suffered by the insured or "should-have-been insured" had they been covered by the insurance policy, but this measure

> is not exclusive. Consequential or resulting collateral damage may also be recovered if it can be sufficiently proved. It is possible to recover damages sustained by the wronged (uninsured) party, not because of the occurrence of the contingency which should have been insured against, but because of the breached contract, such as lost profits.

*Travelers Ins. Co. v. Wells*, 633 So. 2d 457, 461 (Fla. 5th DCA 1993) (footnote omitted).

6

————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

————————————————